IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------

KRISTY WAGNER,                                )
                                              )
                   PLAINTIFF,                 )            Case No.: 1:16-cv-00568 (RC)
              v.                              )
                                              )
AKIN GUMP STRAUSS HAUER & FELD LLP,           )
                                              )
                   DEFENDANT.                 )
---------------------------------------------------------------

### MOTION FOR ISSUANCE OF SHOW CAUSE ORDER IN CIVIL ACTION INVOLVING REAL PROPERTY

Reference is hereby made to attorneys' affidavits/declarations: Affidavit of Todd Treadway dated the 25th of April, 2016; and Declaration of Kristy Wagner dated the 27th of April, 2016; Plaintiff hereby moves this court to execute the proposed Order to Show Cause and sign below "ENTER" therein, after inserting the relevant room assignment/location where Defendant shall be heard at 2:00 pm EST on the 2nd day of May, 2016, or the soonest date and time thereafter as is possible.

Date:  April 27, 2016



Kristy Wagner

RECEIVED

APR 2 7 2016

Clerk, U.S. District and
Bankruptcy Courts

### AFFIDAVIT OF TODD TREADWAY

I, Todd Treadway, hereby declare:

1. The following and certify that the same is true of my own personal knowledge, except as to those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further declare that I could and would competently testify to such matters if called upon to so testify in Court. I understand that this declaration is being submitted in the United States District Court for the District of Columbia.

2. On or about October 8, 2011, I witnessed first-hand Kristy Wagner's collision with a tree at the end of a zip line adventure course in West Virginia (the "Incident") and have witnessed the three surgeries, multiple years of physical therapy, countless doctors' appointments and other treatment undergone by Kristy Wagner since the Incident.

3. On November 7, 2013, I met up with Kristy Wagner and Adam Umanoff (who were dining at the Palm Restaurant in Washington DC). During that time, Adam Umanoff shook my hand and stated that Kristy "would be promoted to partner at Akin Gump in 2014".

4. I also have first-hand knowledge of Kristy Wagner's requests to Akin Gump Strauss Hauer & Feld LLP (including any predecessor or successor entities and current or former partners thereof, "AG") for accommodation over the past 5 years, including to enable her to access one or more office locations owned or leased by AG and for travel accommodations.

5. Kristy Wagner's attempts to take the actions described in paragraph 4 above have been met with hostility, harassment and retaliation.

6. I also have knowledge of AG's tortious interference with offers made to (and, as applicable, employment agreements proffered) Kristy Wagner by ten (10) or more large law firms.

7. The circumstances described above have deprived Kristy Wagner of any sort of livelihood.

I declare under penalty of perjury of the District of Columbia, and the United States of America that the foregoing is true and accurate.

Dated: April 25, 2016

Todd Treadway

1

**DECLARATION OF KRISTY WAGNER**

I, Kristy Wagner, hereby declare:

1. The following and certify that the same is true of my own personal knowledge, except as to those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further declare that I could and would competently testify to such matters if called upon to so testify in Court. I understand that this declaration is being submitted in the United States District Court for the District of Columbia, in the matter entitled **Kristy Wagner v. Akin Gump Strauss Hauer & Feld LLP**, 1:16-cv-00568 (RC).

2. Service of process in the above-captioned matter was effected on March 25, 2016 when the Summons; Complaint; Notice of Right to Consent to Trial Before a United States Magistrate Judge; Notice, Consent, and Reference of a Civil Action to a Magistrate Judge; Initial Electronic Case Filing Order; and ECF Attorney/Participant Registration Form were (i) served upon Defendant at 1333 New Hampshire Avenue NW, Washington DC 20036; and (ii) transmitted by email correspondence to Charles Connolly, who previously made an appearance for and on behalf of Defendant in a matter before the court including by serving drafts of one or more proposed orders via email. See affidavit, certificate and email(s) attached hereto as Exhibit A.

3. Plaintiff requested that the court issue a default judgment when Defendant had not answered the Complaint as of 11:00 am Eastern Standard Time on April 18, 2016 (see legislative history of Rule 4 of the Federal Rules of Civil Procedure, letter from Robert A. McConnell, Assistant Attorney General to Chairman, Committee on the Judiciary, House of Representatives, Washington, D.C., which states that a default judgment should be entered into the docket when service of process is "refused" by Defendant). See Exhibit B hereto for Request For Entry of Judgment by Default; Declaration of Kristy Wagner; and Judgment By Default, as stamped by the court. Notwithstanding the expiration of forty-eight (48) hours after receipt of same (see copy of US mail return-receipt included in Exhibit B), Defendant's noncompliance continues.

4. Attached hereto as Exhibit C is a true and correct (redacted, as appropriate) copy of a 2013 sponsor memorandum, as well as the email correspondence pursuant to which Adam Umanoff transmitted same to Plaintiff.

5. Attached hereto as Exhibit D is a true and correct copy of an affidavit of Todd Treadway.

6. After consulting with one or more attorneys with respect to the viability of employment and other claims, Plaintiff drafted an Equal Employment Opportunity Commission ("EEOC") charge, which was assigned Charge # 570-2016-00643 (the "Charge").

7. Within days of indicating the intent to file the Charge, Ed Zaelke and Adam Umanoff requested temporary restraining orders from multiple courts and, in connection therewith, made one or more false statements/material omissions/material misrepresentations.

8. Attached hereto as Exhibit E is the Declaration of Kenneth Bledsoe (attorney - The Employment Law Group) stating, inter alia: "we are of the opinion that Ms. Wagner can assert a tenable claim for EEOC violations against Akin Gump and various partners, including but not limited to, Adam Umanoff and Edward Zaelke".

9. According to firm policy, all personnel of Defendant are expected to dress "in a manner appropriate to the requirements of the firm's clients and the professional nature of the firm's business." However, due to her disability, Plaintiff must wear sneakers around the office and, if necessary, during business meetings. She must also maintain icing (and/or pressurization)

1

equipment in-office to prevent swelling and inflammation to her leg.  Hence, for this reason and others, Defendant's failure to respond to one or more attempts to communicate and/or correspondences originated by Plaintiff (including to Defendant's last known general counsel, Barry Chasnoff) has resulted in a failure to provide Plaintiff any accommodation whatsoever.

10. Since the discriminatory and retaliatory conduct has persisted notwithstanding efforts to obtain reasonable accommodation (including by filing the Charge and by making appeals to one or more individuals and courts), Plaintiff was forced to (i) solicit partnership offers from ten (10) of the largest law firms; and (ii) relocate her law practice to another law firm (which mitigation measures Defendant further interfered with).

I declare under penalty of perjury of the District of Columbia, and the United States of America that the foregoing is true and accurate.

Dated:  April 23, 2016

Kristy Wagner

Exhibit A

**From:** Kristy Wagner <wagnerk879@gmail.com>
**Date:** March 25, 2016 at 7:34:43 PM EDT
**To:** cconnolly@akingump.com
**Subject: Case: 1:16-cv-00568**

Chuck:

Per last week's voicemail to you (please see below receipt from the Process Server), a Summons and Complaint were prepared over the past weeks (in the above-captioned matter) and served upon Akin Gump today. Note, after not hearing back from you, I reached out to the DC Supreme Court (and the Law Clerk) for suggestions as to how to reach you, to no avail.

While, as you are aware, I do not and have not had access to DC or NY (or any other) office spaces, personnel, technology, etc., I have attached picture files of the related documents referenced in the paragraph above. I also contacted Robert Humphreys (to no avail) and separately left a voicemail for and sent a letter to Barry Chasnoff (also titled to Akin Gump's General Counsel), after having sent letters/correspondences to Kerry Berchem (to provide New York contact info - which was the same as was listed on Akin Gump forms/documents completed between 2011 and present day). Washington, DC address is set forth in the attached papers, which will be updated as required by the Court (in due course). Have an enjoyable weekend.

Regards,
Kristy Wagner
202-836-2351

<image1.JPG>

<image2.JPG>

<image3.JPG>

<image4.JPG>

<image5.JPG>

<image6.JPG>

<image7.JPG>

<image8.JPG>

Begin forwarded message:

**From:** info@samedayprocess.com
**Date:** March 25, 2016 at 4:00:02 PM EDT
**To:** wagnerk879@gmail.com
**Subject: This email confirms that the documents have been received by Same Day Process and are going out for service.**

Same Day Process Service Receipt Confirmation.

Same Day Process Service reference number: **200961**
Clients Internal reference number: **Kristy Wagner**
Customer Internal reference number:
Court: **United States District Court for the District of Columbia**
Court County: **DC**
**Plaintiff: Kristy Wagner**
**Defendant: Akin Gump Strauss Hauer & Feld, LLP**
**Case Number: 1:16-cv-00568**
**Documents to be Served: Summons in a Civil Action; Notice of Right to Consent to Trial Before a United States Magistrate Judge; Notice, Consent, and Reference of a Civil Action to a Magistrate Judge; Complaint; Initial Electronic Case Filing Order; ECF Attorney/Participant Registration Form;**
**Servee:Akin Gump Strauss Hauer & Feld LLP**



**SAMEDAY** PROCESS
*Serving the impossible*

**Thank you for your Business!**

**Same Day Process Service team**

**Same Day Process Service**
**1413 K Street, NW 7th Floor**
**Washington, DC 20005**
**(202) 398-4200**
**Fax (202) 658-7925**
www.samedayprocess.com
info@samedayprocess.com
CLICK HERE **to log in!**
**PRIVACY NOTICE: This message is intended solely for the use of the individual and/or entity**
**to which it is addressed and may contain information that is privileged, confidential, and**
**exempt from disclosure under applicable state and federal laws. If the reader of this message**
**is not the intended recipient or the employee or agent responsible for delivering the message**
**to the intended recipient, you are hereby notified that any dissemination, distribution,**
**forwarding or copying of this communication is strictly prohibited. If you received this**
**communication in error, please notify sender immediately and delete the original message.**

AMENDED **AFFIDAVIT OF PROCESS SERVER**

United States District Court for the District of Columbia 

APR 20 2016

Clerk, U.S. District and
Bankruptcy Courts

Kristy Wagner

    Plaintiff(s),

vs.

Kristy Wagner
301 14th St., SE, Apt 4
Washington DC 20003

Akin Gump Strauss Hauer & Feld, LLP

    Defendant(s).

*200961*

Case Number: 1:16-cv-00568

Legal documents received by Same Day Process Service, Inc. on **03/25/2016** at **3:55 PM** to be served upon Akin Gump Strauss Hauer & Feld LLP at 1333 New Hampshire Ave., NW, Washington, DC 20036.

I, **Robert Briggs-Snodgrass**, swear and affirm that on **March 28, 2016** at **11:33 AM**, I did the following:

Served **Akin Gump Strauss Hauer & Feld LLP** by delivering a conformed copy of the **Summons in a Civil Action; Notice of Right to Consent to Trial Before a United States Magistrate Judge; Notice, Consent, and Reference of a Civil Action to a Magistrate Judge; Complaint; Initial Electronic Case Filing Order; ECF Attorney/Participant Registration Form;** to **Fannie Young** as Secretarial Manager & Authorized Agent of Akin Gump Strauss Hauer & Feld LLP at 1333 New Hampshire Ave., NW , Washington, DC 20036.

**Description of Person Accepting Service:**
Sex: Female Age: 45 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: Brown Hair Color: Black

**Supplemental Data Appropriate to this Service:**Attempted to serve the defendant initially on 03-25-2016 at 4:30 pm and was at the premises for 20 minutes speaking with personnel working for the defendant who informed the process server that no one was on-site who was authorized to accept.

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Robert Briggs-Snodgrass
Process Server

**Same Day Process Service, Inc.**
1413 K St., NW, 7th Floor
Washington DC 20005

(202)-398-4200

Internal Job ID: 200961

District of Columbia: SS
Subscribed and Sworn to before me
this _19_ day of _April_, _2016_

Tyler Walker, Notary Publ , D.C.
My commission expires Februar 4, 2021

RECEIVED

IN THE UNITED STATES DISTRICT COURT

APR 20 2016

FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District and
Bankruptcy Courts

---

KRISTY WAGNER,                              )
                                            )
                  PLAINTIFF,                )          Case No.: 1:16-cv-00568 (RC)
            v.                              )
                                            )
AKIN GUMP STRAUSS HAUER & FELD LLP,         )
                                            )
                  DEFENDANT.                )

---

### CERTIFICATE OF SERVICE

I, Kristy Wagner, hereby certify that I am of such age and discretion as to be competent to serve papers. I further certify that on March 25, 2016, I transmitted via electronic mail to Charles Connolly (cconnolly@akingump.com) of Akin Gump Strauss Hauer & Feld LLP the Summons and Complaint; Notice of Right to Consent to Trial Before a United States Magistrate Judge; Notice, Consent, and Reference of a Civil Action to a Magistrate Judge; Initial Electronic Case Filing Order; and ECF Attorney/Participant Registration Form.

Date: April 19, 2016

Kristy Wagner

Exhibit B



USPS TRACKING #

9590 9402 1647 6053 2731 70

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Wagner
7 Richard Ln
Huntington, NY 11743

**RECEIVED**

**APR 1 8 2016**

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KRISTY WAGNER, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.: 1:16-cv-00568 (RC) |
| v. | ) | |
| | ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### REQUEST FOR ENTRY OF JUDGMENT BY DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff KRISTY WAGNER (hereinafter, "PLAINTIFF"), a citizen of the United States, with an address of: 7 Richard Lane, Huntington, NY 11743 hereby requests that the Clerk of this Court enter a judgment by default against Defendant AKIN GUMP STRAUSS HAUER & FELD LLP (hereinafter, together with all predecessor and successor entities and including agents, attorneys, consultants, partners and other affiliates thereof, "DEFENDANT"), a law firm with a physical office location at: Robert S. Strauss Building, 1333 New Hampshire Avenue NW, Washington, DC 20036, based upon one or more affidavits submitted herewith.

Date of signing: April 18 2016

Signature of Plaintiff: _____

Printed Name of Plaintiff: Kristy Wagner

## DECLARATION OF KRISTY WAGNER

I, Kristy Wagner, hereby declare:

1. The following and certify that the same is true of my own personal knowledge, except as to those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further declare that I could and would competently testify to such matters if called upon to so testify in Court. I understand that this declaration is being submitted in the United States District Court for the District of Columbia, in the matter entitled **Kristy Wagner v. Akin Gump Strauss Hauer & Feld LLP**, 1:16-cv-00568 (RC).

2. Attached hereto as **Exhibit A** is a true and correct copy of Dr. Laytrayal Simmons' (Psychologist and Licensed Professional Counselor) "Diagnosis" after one or more cognitive behavioral therapy sessions.

3. The following amounts (in U.S. dollars) are due and owing Plaintiff as a result of Defendant's violation of law and denial of rights as set forth in the Complaint filed in the above-captioned matter:

| | |
|---|---|
| Lost Compensation/Backpay | $13,578,789 |
| Prejudgment Interest (5%, compounded annually) | $2,044,695 |
| Compensatory/Punitive Damages | $2,000,000 |
| Out-of-Pocket Healthcare/Medical Costs | $10,475 |
| **Total:** | **$17,633,959** |

4. **$3,000,000** (in U.S. dollars) of the above-referenced amount (**$17,633,959**) shall be inserted by Defendant into Plaintiff's capital account (or an account designated as same) under and pursuant to the Partnership Agreement.

I declare under penalty of perjury of the District of Columbia, and the United States of America that the foregoing is true and accurate.

Dated: April 18, 2016

_____
Kristy Wagner

**Exhibit A**

"Diagnosis" of Laytrayal Simmons



**ReIGNiTE**
Psychological & Consulting Services, LLC

The hostile environment that was created at her last place of employment which includes both gender discrimination and sexual harassment contributed to her mental breakdown and her inability to maintain daily functioning both professionally and personally. In addition to these symptoms, the patient endorsed a history of Attention Deficit Hyperactivity Disorder which she was prescribed Adderall (30mg, 10mg) and has been taking for over 15 years. Additionally the client reported taking pain medication for an ankle injury (surgery imminent) that she received while zip lining on vacation three years ago.

## DIAGNOSIS

The results of the initial interview suggested that Kristy was suffering from 309.4 Adjustment Disorder with mixed disturbance of emotion and conduct. She had limited coping resources at that time to deal with her negative emotions. She felt isolated and alone at her previous place of employment and her normal support system (e.g. her husband) was away in training for his new job. The combination of (1) lack of sleep and lack of proper nutrition, (2) taking prescribed medications without the proper diet and sleep, (3) feeling isolated and alone, (4) working in a hostile environment, and (5) fearing termination resulted in her inability to respond in a rational and coherent manor to the perceived threats to her career and livelihood. Based on previous history and current mental state Kristy poses no threat to self or others. Cognitive behavioral therapy was recommended to address her symptoms. Kristy presented strong intellectual skills, high motivation for treatment, the capacity for self-reflection, and a strong support system in her husband and parents.

Laytrayal Simmons, PhD, LPC
Psychologist, Licensed Professional Counselor

3/18/15
Date

**RECEIVED**

APR 18 2016

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTY WAGNER, | ) |
| | ) |
| PLAINTIFF, | ) |
| v. | ) |
| | ) |
| AKIN GUMP STRAUSS HAUER & FELD LLP, | ) |
| | ) |
| DEFENDANT. | ) |

Case No.: 1:16-cv-00568 (RC)

**JUDGMENT BY DEFAULT**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant AKIN GUMP STRAUSS HAUER & FELD LLP (hereinafter, together with all predecessor and successor entities and including agents, attorneys, consultants, partners and other affiliates thereof, "DEFENDANT"), a law firm with a physical office location at: Robert S. Strauss Building, 1333 New Hampshire Avenue NW, Washington, DC 20036: be and hereby is permanently restrained and enjoined from (directly or indirectly) violating (or infringing upon the exercise of rights granted under): (i) the Constitution of the United States; the District of Columbia Human Rights Act, as codified D.C. Code § 2-1402 ("DCHRA"); Americans with Disabilities Act of 1990, as codified 42 U.S.C.A. § 12112 *et seq.* (the "ADA"); Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C.[A.] § 2000e *et seq.* (1988) (the "Civil Rights Act"); and the Equal Pay Act, as codified 29 U.S.C.[A.] § 206(d) (the "Equal Pay Act")(the foregoing, together with the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621 *et seq.*, the "Relevant Laws"); and (ii) the partnership agreement governing, and policies of, Defendant (collectively referred to herein as the "Partnership Agreement"), in each case, vis-a-vis Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any and all court orders that directly or indirectly infringe(d) upon Plaintiff's rights under the Relevant Laws and/or the Partnership Agreement be and hereby are rendered ineffective; no court orders having such effect will be granted.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant (i) immediately present Plaintiff with a true, correct and complete copy of the Partnership Agreement, for countersignature by Plaintiff; and (ii) take such other actions as are necessary to provide reasonable accommodation and otherwise cause Defendant to be in compliance with the Relevant Laws and to honor its duties and perform its obligations under the Partnership Agreement, in each case, vis-à-vis Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, within forty-eight (48) hours of notice of this judgment (by personal service or otherwise), (i) pay **$14,633,959** (in U.S. dollars) in immediately available funds to a bank account designated by Plaintiff; and (ii) credit the capital account of Plaintiff in the amount of **$3,000,000** (in U.S. dollars), pursuant to the Partnership Agreement.

Date: _____                   _____

Clerk of the Court

Exhibit C

**From:** Umanoff, Adam
**Sent:** Friday, September 13, 2013 3:42 PM
**To:** Wagner, Kristy
**Subject:** Confidential - PAC

Your memo went out yesterday to the PAC – a day early!  A copy is attached.  Thanks for all of your help in filling in so many details.  As you will see, certain topics we had discussed I felt were better left for private conversation, and I have already talked with Chuck Gibbs and met with Kim Koopersmith on those topics.   We are putting our best foot forward and very much want you as our partner!   I will keep you posted on progress in the next 2 weeks.  Should be fun!!

Your PW is KWPAC.

**Adam S. Umanoff**

**AKIN GUMP STRAUSS HAUER & FELD** LLP

633 West Fifth Street  |  Suite 5000  |  Los Angeles, CA 90071  |  USA  |  Direct: +1 213.254.1300  |  Internal: 41300
Fax: +1 310.229.1001  |  aumanoff@akingump.com  |  akingump.com  |  Bio

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Confidential
# 2013 Partner Sponsor Memorandum
# September 12, 2013

**Candidate's Name:** Kristy Wagner
**Office:** New York
**Practice Group:** Global Energy and Transactions ("GET")/Project Finance ("PF") Sub-Group

I.  <u>Background</u>

    1.    Law School: Boston College Law School
            Year of Graduation: 2004
            Law School Honors:

    2.    Undergraduate Education: Bucknell University
            Year of Graduation: 2001
            Degree: Bachelor of Arts, *cum laude*

    3.    Other Post-Graduate Education: n/a



II.  <u>Candidate Information</u>

    1.    Identify the partners in the practice with whom the candidate has worked most closely during the last three years. If the candidate has done significant work with partners in other practices, please identify those partners.

    In the PF practice, Kristy has worked closely with Adam Umanoff, Jay Worenklein, Ed Zaelke, David Burton and Tom Dupuis. In the Corporate group, she has worked closely with John Burke, Marissa Roman and Sandi Hallmark.

2.      Describe the role the candidate currently plays in the practice.

Kristy played a key role as a senior lawyer in our practice while at Chadbourne and has continued in that role with our move to Akin Gump.  She is an anchor for our PF Practice in New York, the growth of which is one of the 3 top priorities we have established for the PF practice at Akin.  Her legal skills, work ethic and unique ability to develop the loyalty and devotion of clients make her one of our most valuable assets. She regularly leads transactions, large and small, manages and mentors associates (all of whom are located outside of NY, primarily in Los Angeles) and is actively and successfully involved in client development and retention.  From a substantive standpoint, she combines the ability to lead transactions in all of the key subject matter areas of our practice (the development of energy and infrastructure projects; the purchase and sale of energy and infrastructure projects and companies; and the financing of energy and infrastructure projects), with an absolute mastery of several key areas. For example, her expertise in the area of engineering, procurement and construction ("EPC") contracts, one of the key areas for the development of any project, is among the strongest in our group (including among our existing partners).  She is our "go to" resource on EPC contracts.

Kristy is also the hardest working lawyer in our group – and has been since our Chadbourne days. When work in our group slows (as our practice tends to be lumpy from one major project to the next), she successfully reaches outside of the project group to lend her expertise, including to John Burke on film finance transactions and to Sandi Hallmark on ███ work. Her consistently high billable hours, enthusiasm, incredibly strong work ethic, and consistently high-quality work product, make Kristy one of our most valuable attorneys.

Beyond her legal skills and incredible commitment, Kristy also has something truly unique – an uncanny ability to foster a tremendous sense of loyalty among our clients.  When Kristy leads their transaction, a client feels that he or she is truly the most important client in the world – the level of attention and service which Kristy provides is extraordinary and our clients regularly tell us so.

Other than title, Kristy essentially functions as a partner in our practice.  We would also like to underscore the importance of having Kristy in New York.  She joined us in DC and at our encouragement, moved to New York in 2012. One of the highest priorities for our practice is to grow our New York capability. ████████████████████████████████████████████

3.      Is the candidate consistently undertaking high value work for high value clients.

Kristy is routinely staffed with lead responsibility on our most important transactions for our best clients.  Perfect examples of this have been her role in 2012 as lead ████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████ Prior to our move to Akin Gump,
Kristy led a deal with Ed Zaelke for ████████████████
████████████████. This assignment required her to spend several weeks in Mexico City and again demonstrates her lead role with our most important clients.

4.      Has the candidate consistently demonstrated the level of professional excellence necessary to be promoted to partner?

Kristy is without reservation an outstanding lawyer and has for some time demonstrated the level of professional excellence needed for partnership. She is a very strong draftsperson, has excellent business judgment and counseling skill and, as noted elsewhere in this memo, has the strongest work ethic of any lawyer in our group. Furthermore, her resourcefulness in seeking work from other groups when she is slow shows an entrepreneurial drive which we expect in our partners.

5.      Describe any particular expertise or experience that the candidate has that distinguishes the candidate from his or her peers and discuss the importance of that expertise or experience to the practice.

As noted above, Kristy is an expert in the area of EPC contracts. EPC contracts are highly complex agreements pursuant to which construction contractors agree to engineer, procure equipment for and construct power plants or other infrastructure facilities for the owner or developer of the facility. Contract values are often in the billions of dollars. Kristy has amassed substantial experience negotiating EPC contracts across a wide range of energy technologies including nuclear, solar, wind and gas-fired power plants, as well as with respect to other non-energy facilities, like chemical plants, and represents both owners and contractors. As a result of her extensive experience, Kristy regularly fields inquiries from clients and colleagues who regard her as the "go to" person on EPC issues. She recently led the negotiation of ██████. Based on her exceptional efforts, ██████ asked her to present a training seminar to about 50 of their construction and contract personnel on how to negotiate and manage EPC contracts. Clients often remark that Kristy has knowledge and experience well beyond her years and that experience has led to additional business. Kristy's expertise is particularly valuable because successful pitches to owners/developers of a power plant often results in our representing the client in not only the EPC work, but in the ultimate financing of the power plant. Several other members of the PF practice have EPC contract expertise, but none as diverse, across multiple technologies, nor as extensive.



Outside of the project area, Kristy also has significant film finance experience ██████

6.      Discuss whether the candidate has consistently demonstrated a commitment to collegiality, teamwork and adherence to core values.

Kristy consistently performs well in a team setting, both as a team leader and as a team member. As a team leader, Kristy is able to keep the team motivated and focused on the tasks at hand. Kristy is able to overcome the distance between herself and her Los Angeles-based team by frequently communicating, always making herself available, mentoring team members and maintaining both her sense of humor and enthusiasm even in the most stressful of times. As a member of a team, Kristy never hesitates to take on additional tasks and is a stalwart example to

3

other lawyers in the group.   Kristy regularly works through weekends and vacations and stays up all night (sometimes for two and three nights in a row) to ensure that client deadlines are met. Regardless of the conditions, Kristy remains committed to excellence - both to satisfy the client and to bring pride to her team and to the Firm.  Kristy treats everyone around her with the utmost respect and she exhibits integrity in all that she does.


7.      Is the candidate's practice leveraged such that se/she is consistently creating opportunities for others?

Yes and no.  Yes, Kristy's deals routinely require junior staffing.  As you may know, we do not have any project associates (yet) in New York and the New York office is very thin on corporate associates who can assist.  Therefore, associate help is staffed from Los Angeles.  As a result, Kristy both leads leveraged teams but at times is forced to carry her own bags.  With her promotion to partner, we would expect to be in a position to broaden our ranks in New York.

8.      What is the candidate's business plan for operating successfully as a partner?

Kristy will (1) continue to build our ▮▮▮ practice with existing and new clients ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (2) be a key participant in the growth of our finance practice in New York and otherwise work closely with Jay Worenklein and David Burton to help transition their contacts into firm clients; (3) continue to grow our relationship with several key clients, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (5) help lead our focus on conventional energy and non-energy projects and (6) continue to bill 2400+ hours annually, on project matters and, when needed, corporate and film financing matters.


9.      Discuss briefly the five most significant matters that the candidate has worked on during the three preceding years, focusing on the candidate's roles in those matters that demonstrated the leadership role expected of a partner.





III.   Practice Plan

     1.   Describe the practice's business plan and strategic objectives and the candidate's role in the plan and strategy.

The PF practice at Akin, prior to the formation of the new Global Energy and Transactions group, consisted of 2 separate practices – ████████████████████████████████████████████████████████████████████████████████████████. We have now combined those practices.  The new project finance group has 12 partners, 7 counsel and 9 associates (including 2 first years starting this Fall).   Our overall goal is to grow a world class project practice at Akin which will compete with the small handful of tier 1 global project practices including Milbank, Latham, Chadbourne, Skadden, Clifford Chance, Freshfields and the like. We have identified the following 3 strategic objectives for the PF practice.  For each, Kristy's role is highlighted.

(1) Pivot to Conventional Energy and Infrastructure Projects – over the past 10 years, the majority of new energy capacity developed in the United States has been from renewable resources such as wind, solar, geothermal and biomass.  With continued low power prices in the U.S and historically low natural gas prices driven by hydraulic fracturing, we are seeing and expect to continue to see a shift towards natural gas and some decline in the development of new energy projects.  Therefore, one of our first goals for the practice is to follow the shift in our client's focus to conventional power (mainly natural gas) and non-power/infrastructure projects (such as chemical facilities, mines, pipelines, water facilities and similar projects).  We will continue to maintain our marquee position in renewable energy, but need to diversify our practice in light of the trends noted above. Kristy has significant conventional power experience, particularly with respect to natural gas projects, and infrastructure experience including with respect to chemical plants.  We view her as a strong asset in our effort to improve our technology/industry balance.

(2) New York Based Finance Practice – our client mix is currently 70-80% sponsor/developer (clients who develop and build projects) and about 20-30% lender/investor (clients who provide the capital to develop and build projects). We are not currently known as a "lender shop" although we do have several lender/investor clients. Our second goal is to grow our finance capability, primarily in New York, and perhaps later in other capital markets centers including London and Hong Kong or Singapore. With the addition of Jay Workenklein in New York, we have a senior presence with excellent contacts throughout the finance community – as you may know, Jay ran the energy business for Lehman and then Societe Generale. With the addition of David Burton in New York, we are also doing an increasing amount of work for tax motivated equity investors in power projects. Both Jay Worenklein and David Burton are starting to get solid traction in their practices. We have not, however, been successful in attracting other lateral talent in New York and still do not have the bench strength to be credible in the New York market. We must, therefore, grow our capability in New York organically. We clearly need a young partner to help solidify these relationships and expand the practice and can't imagine anyone better to fill that role than Kristy. She is an excellent finance lawyer and has already won allegiance from a number of our lender clients, including ███████. We believe that having her as a partner in New York will greatly improve our ability to further grow this part of our practice. If we lose her in New York, filling this role with another experienced project finance lawyer will be very difficult.

(3) International Growth – the final part of our near term strategy is to grow internationally, including by taking our marquee renewable energy practice on the road. We are conducting an analysis of the key markets for our focus – our preliminary thoughts include Latin America, the Middle East, Asia and select Eastern European markets. Kristy has led a number of renewable energy transactions in Mexico and we expect her to continue to be able to help in this effort. ████████████████████████████████████
██████████████████████████████

2.    Is the practice recommending the promotion of any other candidate to partner this year? If so, please rank the candidates based on the practice's business plan and strategic objectives.

The PF practice is not recommending any other candidate for consideration this year. We understand that neither the "oil and gas" subgroup nor the "energy regulatory" subgroup of the GET practice is recommending any other candidates but that the "cross border" transactions subgroup will be recommending candidates.

3.    Does the practice anticipate recommending the promotion of any counsel to partner next year? If so, what impact would the promotion of this year's candidate have on the practice's anticipated recommendation for next year and compare this year's candidate with those likely to be proposed next year.

There are two counsel in the PF group who may be worthy of consideration next year – ████
████████████████████ – although no decision has been made with respect to either.
████████████████████████████████████████████
████████████████████████████████████████████ Kristy
is clearly ahead of █████ and █████ in terms of consideration.

4.      Does practice management anticipate any changes in the composition of the partners in the practice (because of lateral recruitment, retirements or other reasons) that the PAC should take into account in assessing the candidate?

We have taken steps to reduce the size of the PF practice over the past 12 months based on client demand and individual attorney contributions.  This has resulted in the departure of one partner (█████████), one counsel and 3 associates.



As noted above, we continue to be on the lookout for lateral partner talent in New York, but have not yet had success.

IV.      Client Focus

1.      Does the candidate have a leadership role in key client relationships?  If so, identify the clients and describe the leadership role that the candidate plays in those relationships.

Kristy functions as the lead lawyer with primary client responsibility on almost all matters which she handles.  .

Some examples of Kristy's role in key client relationships are below:



7



## V.    Productivity Information

1.    Discuss the candidate's billable and non-billable productivity during the last three years (include a discussion of any unique circumstances that have impacted the candidate's productivity).

Kristy is consistently one of the highest billing attorneys in the PF practice.

2011 Hours:  2341.92 billable hours and 322.29 nonbillable hours.



2012 Hours:  2417.80 billable hours, 270.20 nonbillable hours, 1 accountable hour

2013 Hours:  as of August 30, 1648 billable hours (putting her on a full year pace of 2472) and 293 nonbillable hours.



9



2.      Has the candidate consistently created opportunities to expand the firm's business with existing clients?  If so, identify the clients and discuss how the candidate has expanded the firm's business with existing clients and the prospects for doing so going forward.



3.      If the candidate has introduced new clients to the firm describe the opportunities.



8



VI.     Other Considerations

1.      Would promotion of the candidate further the Firm's stated objective to have a diverse partnership?

Only about 10% of the partners in the GET practice are women and we currently have no female partners in the PF practice.  Clearly, Kristy's promotion would further our firm's diversity goals and be a strong inspiration to other female lawyers in the practice.

2.      Describe whether the candidate has demonstrated a commitment to the Pro Bono practice.

Kristy is currently counseling one Pro Bono client on transactional matters and is in the process of bringing in a second Pro Bono matter, and should log approximately 100 hours on pro bono matters this year. In past years, she has taken on a considerable amount of pro bono work.

3.      Describe the candidate's service on firm/practice/office committees or other firm contributions.

The majority of Kristy's non-billable time has been devoted to (a) client pitches and (b) associate training.  She also takes on administrative responsibility for establishing and managing matter budget's for



4.      Has the candidate demonstrated "ownership" of his/her career through commitment to professional development, including bar/professional/community organizations (with particular emphasis on leadership roles)?

Kristy is a member of the New York Women's Bar Association, where she sits on the Professional Ethics Committee.  She is also a member of the New York State Bar Associatin, where she is in the Corporate Counsel and Bsiness Law Sections.

5.      Is the candidate viewed by junior lawyers as an effective and committed mentor?

Yes.  Kristy has committed significant time to mentoring junior associates.



10



6.      Are there any issues with the candidate's ability to delegate and supervise effectively so that work is done in an efficient manner?

No. Kristy has been leading transactions for years and fully understands that delegating is essential in the law firm setting. Frankly, her ability to delegate to associates who are in remote offices has been quite impressive.

7.      Are there any other factors that support your conclusion that the candidate has progressed to the level of a partner that have not been otherwise addressed in this memo?

A final note about Kristy's commitment to our practice. In October, 2011, Kristy was seriously injured in a zip line accident. She collided with a tree when a braking mechanism failed and suffered serious ankle damage. She has undergone 2 surgeries to date. She was bedridden for several weeks, could not walk comfortably for several months and has needed physical therapy 3 days/week for the last 2 years. This all happened shortly after she joined us at Akin Gump. Notwithstanding, she managed to organize her move from Washington DC to New York, met and impressed a host of new colleagues, including in practice areas outside of the project area, continued to produce high quality legal work and, frankly, legendary client service, and managed to bill over 2400 hours/year. We can only wish that all of our partners were this committed to the practice!

Finally, as noted above, we remain very concerned about our ability to retain Kristy is she is deferred. The partnership opportunity she has is compelling and will be extremely hard for her to turn down.

11

Exhibit D

### AFFIDAVIT OF TODD TREADWAY

I, Todd Treadway, hereby declare:

1. The following and certify that the same is true of my own personal knowledge, except as to those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further declare that I could and would competently testify to such matters if called upon to so testify in Court. I understand that this declaration is being submitted in the United States District Court for the District of Columbia.

2. On or about October 8, 2011, I witnessed first-hand Kristy Wagner's collision with a tree at the end of a zip line adventure course in West Virginia (the "Incident") and have witnessed the three surgeries, multiple years of physical therapy, countless doctors' appointments and other treatment undergone by Kristy Wagner since the Incident.

3. On November 7, 2013, I met up with Kristy Wagner and Adam Umanoff (who were dining at the Palm Restaurant in Washington DC). During that time, Adam Umanoff shook my hand and stated that Kristy "would be promoted to partner at Akin Gump in 2014".

4. I also have first-hand knowledge of Kristy Wagner's requests to Akin Gump Strauss Hauer & Feld LLP (including any predecessor or successor entities and current or former partners thereof, "AG") for accommodation over the past 5 years, including to enable her to access one or more office locations owned or leased by AG and for travel accommodations.

5. Kristy Wagner's attempts to take the actions described in paragraph 4 above have been met with hostility, harassment and retaliation.

6. I also have knowledge of AG's tortious interference with offers made to (and, as applicable, employment agreements proffered) Kristy Wagner by ten (10) or more large law firms.

7. The circumstances described above have deprived Kristy Wagner of any sort of livelihood.

I declare under penalty of perjury of the District of Columbia, and the United States of America that the foregoing is true and accurate.

Dated:  April 25, 2016

Todd Treadway

1

Exhibit E

**DECLARATION OF KENNETH BLEDSOE**

I, Kenneth Bledsoe, declare:

1.   I hereby declare the following and certify that the same is true of my own personal knowledge, except as those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further declare that I could and would competently testify to such matters if called upon to so testify in Court. I understand that this declaration is being submitted in the Los Angeles Superior Court, in the matter entitled *Adam Umanoff v. Kristy Wagner*, LASC Case No.: SS025301, and a purported related matter filed under Case No.: SS025300.

2.   I am an attorney licensed to practice law in the Commonwealth of Virginia and am in the process of waiving into the District of Columbia Bar. I have been employed with The Employment Group law firm since February 2012. My practice consists primarily of employment claims and litigation (including the filing of claims with the Equal Employment Opportunity Commission ("EEOC")), under Title VII of the Civil Rights Act) and I have personal knowledge of the policies, practices, and procedures concerning the filing of such claims by a potential plaintiff in an employment action. A true and correct copy of marketing literature for the practice of The Employment Group is attached hereto as Exhibit "A."

3.   My firm began consulting with Kristy Wagner in February 2015, with respect to various potential claims for employment/gender discrimination and hostile work environment against her former employer, Akin Gump Strauss Hauer & Feld, LLP. In this capacity I have reviewed numerous documents concerning Ms. Wagner's employment history with Akin Gump, including, but not limited to, her personal files, peer and partner reviews, and partner sponsorship memos. Based upon our firm's review, we are of the opinion that Ms. Wagner can assert a tenable claim for EEOC violations against Akin Gump and various partners, including, but not limited to, Adam Umanoff and Edward Zaelke.

4.   I have also reviewed a draft copy of an EEOC charge addendum completed by Ms. Wagner with respect to violations committed by Akin Gump and Mr. Umanoff and Mr. Zaelke individually, which was provided to my firm on February 27,

-1-

2015. I am informed and believe that the draft EEOC charge addendum was prepared by Ms. Wagner during the week prior to my firm's receipt of same.

5.     In addition, I have reviewed the TRO documentation, and supporting exhibits (i.e., text messages) filed against Ms. Wagner in the above-referenced matters, including, a message which reads "It's okay, in 10 days I'm confident Ed will be D'Ed."

6.     I understand that Ms. Wagner's 10 day comment refers to the 10 day notice period under Title VII, § 706(b) (and following my research, conversations with Ms. Wagner, and work on her case, I am aware of no reason to believe otherwise), which requires the EEOC to notify an employer within 10 days of the EEOC's receipt of a claim, that a violation has been alleged against one of its employees/partners. Following notification, the EEOC is then required to commence its own investigation. Specifically, the relevant language under Title VII, § 706(b), reads as follows:

"Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof." (Emphasis added.)

7.     A true and correct copy of Title VII, § 706(b), is attached hereto as Exhibit "B."

8.     In the context of a former attorney employee filing an EEOC claim against her former firm (and partners within the firm) once the EEOC receives a claim from the former attorney, the EEOC would then have 10 days within which to notify the firm (in this case, Akin Gump) of the allegations and charges being levied against the firm and the partners.

PRINTED ON RECYCLED PAPER

1       I declare under penalty of perjury that the foregoing is true and accurate.

2

3

4 Dated: March 18, 2015

                                     Kenneth Bledsoe

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON RECYCLED PAPER
*Declaration*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------

KRISTY WAGNER,                          )
                                        )
                PLAINTIFF,              )                 Case No.: 1:16-cv-00568 (RC)
                v.                      )
                                        )
AKIN GUMP STRAUSS HAUER & FELD LLP,     )
                                        )
                DEFENDANT.             )

---------------------------------------------------------------

## ORDER TO SHOW CAUSE IN CIVIL ACTION

### ACTION INVOLVING REAL PROPERTY

Reference is hereby made to (i) the Summons and Complaint served on Defendant on the 25th day of March, 2016; (ii) the Request for Entry of Judgment by Default dated the 18th day of April, 2016; (iii) the Declaration of Kristy Wagner dated the 18th day of April, 2016; (iii) the Affidavit of Todd Treadway dated the 25th of April, 2016; and (iv) the Declaration of Kristy Wagner dated the 26th of April, 2016; since Defendant has failed to render payment under Demand For Payment dated the 25th of April, 2016 with respect to Civil Action No. 15-CA-0001300 (Superior Court for the District of Columbia – Civil Division) or comply with the Judgment By Default date-stamped by the court on the 18th day of April, 2016; and as Defendant's continued failure to recognize Plaintiff as an equity partner, honor its duties to her and otherwise allow her to resume the practice of law post-surgical (and other treatment) for her disability, will continue to result in irreparable injury to Plaintiff's legal career, Defendant may be heard in The United States District Court For The District Of Columbia, to be held at _____ on the _____ day of _____, 2016, at _____ o'clock, as to why the following relief shall not be granted (and actions taken):

(1) the DC Recorder of Deeds shall reflect a judgment lien and mortgage for the benefit of Plaintiff encumbering real property at 1333 New Hampshire Avenue NW, Washington, DC 20036; and all assets of Defendant shall be attached and a trustee shall be appointed to prevent, inter alia, any disposition, transfer or dissipation of, any assets or proceeds currently in Defendant's possession, in each case, until Defendant shall have provided proof to the court that it has: paid **$14,333,959** to the bank account (at Nassau Educators Federal Credit Union) previously designated by Plaintiff; and credited the capital account of Plaintiff in the amount of **$3,000,000** under and pursuant to the partnership agreement governing Defendant (the "Partnership Agreement"); and

(2) Defendant shall be permanently restrained and enjoined from (directly or indirectly): (i) tortuously interfering with Plaintiff's (economic) livelihood and legal career; (ii)

otherwise breaching its contractual and state law obligations to Plaintiff by, among other things, failing to present Plaintiff with a true, correct and complete copy of the Partnership Agreement (including for countersignature by Plaintiff) and physical access to her office (including electronic files) - in the building currently known as the Robert S. Strauss Building located at 1333 New Hampshire Avenue NW, Washington, DC 20036; and (iii) future violations of (whether by infringing upon the exercise of rights granted thereunder or otherwise), in each case, vis-à-vis Plaintiff: the Constitution of the United States; the District of Columbia Human Rights Act, as codified D.C. Code § 2-1402 ("DCHRA"); Americans with Disabilities Act of 1990, as codified 42 U.S.C.A. § 12112 *et seq.* (the "ADA"); Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C.[A.] § 2000e *et seq.* (1988) (the "Civil Rights Act"); and the Equal Pay Act, as codified 29 U.S.C.[A.] § 206(d) (the "Equal Pay Act")(the foregoing, together with the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621 *et seq.*, the "Relevant Laws"); and

(3) Defendant shall be compelled to take such other actions as are necessary to provide reasonable accommodation and otherwise cause Defendant to be in compliance with the Relevant Laws and to honor its duties and perform its obligations under the Partnership Agreement, in each case, vis-à-vis Plaintiff; and

(4) Defendant shall be compelled to take such other and further actions and provide such further relief to Plaintiff as may to the court seem just and proper.

Sufficient cause appearing therefor, let service of a copy of this order, the affidavits/declarations in support, and all other papers upon which this order is granted upon the attorney for the Defendant be deemed good and sufficient.  An affidavit or other proof of service shall be presented to this court on the return date fixed above.

ENTER

_____