

Re: 16-cv-0568, Wagner v. Akin Gump Strauss Hauer & Feld LLP ("Akin Gump")
Kristy Wagner
to:
Margaret_Zhang, Bob Lian, Scott Heimberg, bchasnoff, ADA.complaint
05/26/2016 07:53 AM
Cc:
preet.bharara
Hide Details
From: Kristy Wagner <wagnerk879@gmail.com> Sort List...
To: Margaret_Zhang@dcd.uscourts.gov, Bob Lian <blian@AKINGUMP.COM>, Scott Heimberg <sheimberg@AKINGUMP.COM>, bchasnoff@AKINGUMP.COM, ADA.complaint@usdoj.gov
Cc: preet.bharara@usdoj.gov
History: This message has been forwarded.

*LET THIS BE FILED*
[signature] 5/26/2016

Given Plaintiff's disability and the lack of accommodation to date (as previously noticed to the court and Akin Gump Strauss Hauer & Feld LLP ("Akin Gump")) as well as (I) judges' and clerks' failures to act in accordance with their duties (including vis a vis Plaintiff's default judgment requests and motions); (II) courts' failures to provide timely correspondence via US Mail to Plaintiff such that she has the ability to verify the sender of such correspondence (Plaintiff has made several complaints and reports of Internet fraud); (III) Akin Gump's submission of forged and otherwise fraudulent and materially misleading information to one or more courts, including in this very action; (IV) Akin Gump's prior unlawful actions and inactions; (V) courts' obvious bias given the fact that none of the documentation submitted to the court by Plaintiff (including declarations, requests and exhibits (in some cases, which were personally delivered to the court by Plaintiff)) have been uploaded, posted or otherwise made available to the public including on ECF and/or PACER when Defendant's fraudulent declarations, etc., have been; (VI) courts' obvious bias given Plaintiff's ECF and PACER access does not allow her to undertake all actions that Defendant's account is enabled to do and attempts to resolve have resulted in the lack of any correction or accommodation; (VII) Defendant's continued failure to make available healthcare insurance, benefits or pay compensation in accordance with the law; (VIII) Defendant's failure to make travel or other accommodation arrangements for Plaintiff; and (IX) the likelihood of continued discrimination by instrumentalities of the US government and Akin Gump; Plaintiff will not be appearing at the courthouse at 333 Constitution Avenue today.

On May 25, 2016, at 5:20 PM, Kristy Wagner <wagnerk879@gmail.com> wrote:

> I have yet to receive any indication regarding the email below - I will assume no meeting or conference will occur tomorrow, May 26, 2016.
>
> On May 24, 2016, at 8:02 PM, Kristy Wagner <wagnerk879@gmail.com> wrote:
>
>> As previously mentioned, I attempted to reach Bob Lian again today but never received a call back. At a minimum, in order to appear (given (1) Akin Gump Strauss Hauer & Feld LLP's prior conduct, (2) the fact that Judge Contreras should have either signed (or required the clerk to sign the default judgment) or ruled on the summary judgment motion, and (3) taking into account the D.C. Superior Court's apparent failure to quash Akin Gump's prior fraudulent/materially misleading temporary restraining order (requests)) will require (in each case by 5 pm EST on May 25, 2016) (I) affirmation that Scott Heimberg will be present and prepared to speak on the subject matter; and (II) agreement upon the amount that will be transferred to Kristy Wagner and transfer of such amount.

Proposal: Akin Gump shall make payment of the following amount (which shall not constitute a settlement of claims but shall solely suffice as security required by law):

A plus B less C, whereby:

A equals the sum of any and all amounts paid by or on behalf of Akin Gump to Adam Umanoff, Ed Zaelke and Jay Worenklein during the period commencing May 1, 2011 through and including each such person's last day of affiliation with Akin Gump (the "Termination Date"). The period commencing on May 1, 2011 through and including each such person's Termination Date shall be referred to as the "Compensation Period".

B equals the sum of: (1) the amount Adam Umanoff would have been paid during the period commencing on the Termination Date through and including today's date; (2) the amount Ed Zaelke would have been paid during the period commencing on the Termination Date through and including today's date; and (3) the amount Jay Worenklein would have been paid during the period commencing on the Termination Date through and including today's date; in each case, assuming such person remained associated with Akin Gump and was lawfully entitled to receive compensation equal to a pro rata amount calculated using the average monthly compensation during each such person's Compensation Period.

C equals the sum of all amounts paid directly to Kristy Wagner by Akin Gump during the period commencing May 1, 2011 through and including today's date.


Regards,
Kristy Wagner
202-836-2351


On May 24, 2016, at 3:17 PM, Kristy Wagner <wagnerk879@gmail.com> wrote:

> I have not received information verifying the transfer of amounts set forth in the default judgment stamped by the court on April 18, 2016 - which I have re-attached for your convenience. Notwithstanding multiple attempts, no one from Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or "Defendant") has made themselves available for discussion on the topic of a resolution - which I attempted for nearly 5 years. The email below is typical of Akin Gump - the same law firm that failed to protect a disabled female ("Plaintiff") from the obvious discrimination and unlawfulness brought about by Ed Zaelke and Adam Umanoff, who held themselves out as Plaintiff's superiors and made other materially misleading statements to Plaintiff (intending that she rely on them).

In February 2015, after attempting to have Plaintiff fired from the law firm she physically relocated to as a mitigating measure (and without communicating that reasonable accommodation had been made available at one or more Akin Gump offices), Plaintiff's mother was threatened and told that Plaintiff would "lose her job and her law license" because of circumstances that directly resulted from the 2011 injury -which Akin Gump knew had caused one or more disabilities. Plaintiff was "served" on two occasions with papers purportedly prepared by Akin Gump, Ed Zaelke and Adam Umanoff, and multiple courthouses were presented with fraudulent and materially misleading information about Plaintiff, including material misstatements about her status and standing within Akin Gump.

Perhaps most deplorable is the fact that after bringing it to both California and Washington DC courts' attention, neither the California court nor Washington DC court informed Plaintiff that these were fraudulently commenced proceedings and neither acted in accordance with law or applicable procedure in requiring Akin Gump, Adam Umanoff and Ed Zaelke to deliver notice to Plaintiff of its intent to request temporary restraining orders. Further, to my knowledge (after making demands for payment), no bonds or cash was delivered as security when such temporary restraining orders were requested.

With respect to 1:16-cv-000568(RC), Defendant failed to answer the complaint - which resolved the issue of amounts due and owing Plaintiff. Once evidence of the payment of amounts referenced in Plaintiff's declaration (re-attached for convenience) are provided, I will make myself available to appear in Washington DC for discussions regarding future damages that will result if I am not provided accommodation (as specified in Dr. Anderson's letter) to practice law in-office, as managing partner, of Akin Gump. I will require proof that all funds have been transferred no later than Wednesday, May 25, 2016 at 5 pm ET in order to make arrangements to travel to the courthouse in Washington DC on Thursday, May 26, 2016.