UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KRISTY WAGNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:   16-0568 (RC) |
| v. | : | |
| | : | Re Document No.:   21-2 |
| AKIN GUMP STRAUSS HAUER & FELD LLP, | : | |
| | : | |
| Defendant. | : | |

## ORDER

### GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTION

Before the Court is the Defendant's motion for a preliminary injunction. *See* ECF No. 21-2. The Court ordered Plaintiff to respond to this motion on or before June 2, 2016. *See* May 26, 2016 Order, at 5, ECF No. 31. Plaintiff has not yet filed any response. Accordingly, upon consideration of the motion and the record in this case, the Court will grant in part and deny in part Defendant's motion, for the reasons set forth below.

A party seeking a preliminary injunction "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Gordon v. Holder*, 632 F.3d 722, 724 (D.C. Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The test is a flexible one," *CSX Transp., Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. 2005), and so "[a] district court must 'balance the strengths of the requesting party's arguments in each of the four required areas.'" *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *CityFed Fin. Corp. v. Office of Thrift*

*Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995)). "If the showing in one area is particularly strong, an injunction may issue even if the showings in other areas are rather weak." *Id.*[1]

The Court finds that, in light of the Plaintiff's failure to oppose Defendant's motion, Defendant has made the showings necessary to justify entering a preliminary injunction against Plaintiff. For reasons discussed when the Court entered a temporary restraining order against Plaintiff, Defendant has established three of the four required areas for a preliminary injunction:

(1) Because of the parties' previously executed settlement agreement, Defendant is likely to succeed on the merits of most of the relief it requests in its motion.[2]

---

[1] The Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20–24 (2008), calls into question this "sliding scale" approach. *See Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009) (discussing *Winter*). But "the D.C. Circuit has been clear that it has yet to resolve the issue," and thus "most district courts in this Circuit have continued to apply the sliding scale test." *Achagzai v. Broad. Bd. of Governors*, No. 14-0768, 2016 WL 471274, at *3 (D.D.C. Feb. 8, 2016) (first citing *Davis*, 571 F.3d at 1292; and then citing *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 933 F. Supp. 2d 58, 76 (D.D.C. 2013)). As discussed below, the Court finds that Defendant has shown that each of the four factors—likelihood of success on the merits, likelihood of irreparable harm, the balance of equities, and the public interest—weighs in its favor. Accordingly, under either the "sliding scale" approach or an approach that demands a strong showing for each of the four factors, Defendant is entitled to the relief granted below.

[2] *Compare* Settlement Agreement and General Release of Claims ¶ 2, ECF No. 8-1 (barring Plaintiff from contacting or communicating with any of Defendant's employees for a period of twenty-four months), *with* Proposed Order Granting Def.'s Emergency Mot. TRO ¶ 2.a–d, ECF No. 23-3 (seeking to bar Plaintiff from contacting or communicating with Defendant's employees, with the exception of Defendant's counsel in this case).

For the time being, the Court exercises supplemental jurisdiction under 28 U.S.C. § 1367(a) over Defendant's counterclaim for enforcement of the parties' settlement agreement. *See* Def.'s Answer & Counter Compl., ECF No. 20-2 (reproducing, on pages numbered five through fifteen by the Court's electronic case filing system, Defendant's Counter Complaint seeking enforcement of the settlement agreement). To the extent that the Court's exercise of supplemental jurisdiction does not allow it to end the harassment Defendant alleges, *see* Mem. Supp. Def.'s Mot. Prelim. Inj. 7–12, the Court exercises, for purposes of Defendant's motion for a preliminary injunction, the Court's inherent authority to guard against abuses of the judicial process. *See generally Parsi v. Daioleslam*, 778 F.3d 116, 130–31 (D.C. Cir. 2015) ("In addition to sanctions contemplated by the Federal Rules of Civil Procedure, courts have an inherent

(2) Because Defendant has produced evidence showing that Plaintiff's communications, if unabated, will interfere with Defendant's relationships with its clients and prospective clients,[3] the Court finds that Defendant is likely to suffer irreparable harm in the absence of preliminary relief.

(3) Because it appears that an injunction would not be adverse to the public interest and the Court sees no reason to find otherwise, the Court determines that Defendant has made the fourth showing required for a preliminary injunction.[4]

*See* May 26, 2016 Order, at 2–3.

The Court now further finds that the balance of equities tips in favor of granting a preliminary injunction. The Court agrees with Defendant that, for most of the injunctive relief Defendant requests, "[t]he requested injunction will not harm Plaintiff, but [will] merely require her to abide by the terms of the Settlement Agreement she freely entered and abide by the Court's rules." Mem. Supp. Def.'s Mot. Prelim. Inj. 22, ECF No. 21-2. And Defendant specified in open court on May 26, 2016 that, in pursuing injunctive relief against Plaintiff, Defendant contemplates that Plaintiff would still be able to compete with Defendant for legal business. For these reasons, the balance of equities tips in favor of granting Defendant's motion for preliminary injunction in part.

---

power at common law . . . to determine a fitting sanction for conduct that abuses judicial proceedings . . . .").

[3] *See, e.g.*, Heimberg Decl. Ex. B, ECF No. 21-20 (reproducing email correspondence between Plaintiff and Defendant's clients).

[4] *See Northern Mariana Islands v. United States*, 686 F. Supp. 2d 7, 13 (D.D.C. 2009) (citing *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009)) (explaining that the Court must consider "whether an injunction would be in the public interest or at least not be adverse to the public interest").

As before, the Court will decline to grant Defendant all of the relief it requests. Defendant still has not adequately established this Court's ability (1) to enforce the parties' settlement agreement; or (2) to bar Plaintiff from filing motions, documents, or suits without leave from the Court. *See* Mem. Supp. Def.'s Mot. Prelim. Inj. 13–24; Proposed Order Granting Def.'s Mot. Prelim. Inj. ¶ 2.e–f. Accordingly, the Court's preliminary injunction will not include these directives.

For the foregoing reasons, Defendant's motion for a preliminary injunction (ECF No. 21-2) is **GRANTED IN PART** and **DENIED IN PART**.

It is hereby **ORDERED** that, effective immediately, Plaintiff shall not:

1. Enter or come within 200 feet of the premises, including the common areas, of any building where Defendant's offices are located, including but not limited to, Defendant's offices at:

    a. 1333 New Hampshire Avenue NW, Washington, DC 20036; and

    b. One Bryant Park, New York, NY 10036;

2. Contact by any means any employees or partners of Defendant, with the sole exception of Defendant's counsel, Robert G. Lian, Jr., in furtherance of the above-captioned action, and exclusively through the email address wagnerlawsuit@akingump.com;

3. Email, text, or otherwise contact any person or entity that Plaintiff knows or has reason to believe is Defendant's client on any topic related to Plaintiff's claims or demands against Defendant, or her efforts to seek access to any Defendant property or reemployment with Defendant;

4. Whether orally or in writing, to any person, company, partnership, or any other entity, communicate:

    a. That Defendant currently employs Plaintiff, or

    b. That Plaintiff has been or currently is a member of Defendant's partnership; and,

5. Without leave from this Court, file any documents or take any actions that would create a lien on Defendant's property or that would otherwise affect Defendant's property.

**SO ORDERED**.

Dated: June 13, 2016RUDOLPH CONTRERAS
United States District Judge