**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KRISTY WAGNER, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.:   16-0568 (RC) |
| v. : | |
| : | Re Document No.:   35-2 |
| AKIN GUMP STRAUSS HAUER & : | |
| FELD LLP, : | |
| : | |
| Defendant. : | |

## ORDER

### GRANTING DEFENDANT'S MOTION FOR ADDITIONAL RELIEF AND MODIFYING THE PRELIMINARY INJUNCTION

Before the Court is the Defendant's emergency motion to extend and modify the temporary restraining order (TRO) previously entered in this case. *See* ECF No. 35-2; *see also* May 26, 2016 Order, at 4–5, ECF No. 31 (issuing a TRO that lasted from May 26, 2016 at 7:00 PM until June 9, 2016, at 7:00 PM). Because the Court had issued a preliminary injunction that extends the relief in the TRO, *see* ECF No. 37, the Court denied the motion as moot, to the extent that it seeks to extend the previous TRO. *See* June 16, 2016 Order, ECF No. 40.

The Court also ordered Plaintiff to respond, on or before June 20, 2016, to the portion of Defendant's motion that requests additional relief. *See id.*; *see also* Emergency Mot. to Extend and Modify TRO, ECF No. 35-2 (asking the Court to modify the TRO "to enjoin Plaintiff from discussing or mentioning the Firm, any partners or Firm employees with entities organizing or hosting events at which Plaintiff knows or has reason to know Firm partners or employees are scheduled to speak or that they are scheduled to attend"). The Court explained that, if Plaintiff

failed to do so, the Court could modify the preliminary injunction to include Defendant's requested additional relief. *See* June 16, 2016 Order, ECF No. 40.

June 20, 2016 has now passed, and Plaintiff has not responded to Defendant's request for additional relief. Although the Court received an e-mail from Plaintiff that stated that "[t]he court's sole obligation at this point is to cause all monies and accounts receivable of Defendant to be paid over to Plaintiff's account," that e-mail contravenes the rules of this Court and the Court's previous order in this case. *See* D.D.C. Civ. R. 5.1(a); May 27, 2016 Order, ECF No. 33 (directing Plaintiff to make submissions "to the Clerk of Court, Office of the Clerk, or the Clerk's Office to assure their proper handling"); Lian Decl. Ex. 4, ECF No. 41-8 (reproducing Plaintiff's e-mail). And regardless, Plaintiff's e-mail fails to rebut the facts or arguments Defendant raised in support of its request for additional relief. *See* Mem. Supp. Emergency Mot. to Extend and Modify TRO, at 2–5, ECF No. 35-2 (discussing Plaintiff's communications with an entity organizing an event at which one of Defendant's partners was scheduled to speak).

In light of Plaintiff's lack of response to Defendant's request for additional relief, the Court will modify the preliminary injunction to include Defendant's requested additional relief. For the same reasons as those stated in the preliminary injunction, *see* ECF No. 37, the Court finds that Defendant has made all of the showings necessary to justify modifying the preliminary injunction. Accordingly, effective immediately, it is hereby **ORDERED** that the preliminary injunction in this case is **MODIFIED** to include all of the following directives:

1. Plaintiff shall not enter or come within 200 feet of the premises, including the common areas, of any building where Defendant's offices are located, including but not limited to, Defendant's offices at

    a. 1333 New Hampshire Avenue NW, Washington, DC 20036; and

    b. One Bryant Park, New York, NY 10036;

2. Plaintiff shall not contact by any means any employees or partners of Defendant, with the sole exception of Defendant's counsel, Robert G. Lian, Jr., in furtherance of the above-captioned action, and exclusively through the e-mail address [wagnerlawsuit@akingump.com](mailto:wagnerlawsuit@akingump.com);

3. Plaintiff shall not e-mail, text, or otherwise contact any person or entity that Plaintiff knows or has reason to believe is Defendant's client

    a. On any topic related to Plaintiff's claims or demands against Defendant, or

    b. On her efforts to seek access to any of Defendant's property or to seek reemployment with Defendant;

4. Plaintiff shall not, whether orally or in writing, to any person, company, partnership, or any other entity, communicate

    a. That Defendant currently employs Plaintiff, or

    b. That Plaintiff has been or currently is a member of Defendant's partnership;

5. Plaintiff shall not, without leave from this Court, file any documents or take any actions that would create a lien on Defendant's property or that would otherwise affect Defendant's property; and

6. Plaintiff shall not discuss or mention

    a. Defendant,

    b. Any of Defendant's partners, or

    c. Any of Defendant's employees

to entities organizing or hosting events at which Plaintiff knows or has reason to know

    a. That Defendant's partners or employees are scheduled to speak, or

    b. That Defendant's partners or employees are scheduled to attend.

**SO ORDERED**.

Dated: June 21, 2016                                                                RUDOLPH CONTRERAS
                                                                                                    United States District Judge