**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
KRISTY WAGNER,                     )
                                   )
            Plaintiff,             )
                                   )
       v.                          )   Civil Action No. 16-568 (EGS)
                                   )
AKIN GUMP STRAUSS HAUER &          )
FELD, LLP,                         )
                                   )
            Defendant.             )
_____)

<u>**ORDER**</u>

Upon review of the entire record, defendant's [57-2] motion to appoint plaintiff a guardian ad litem is **GRANTED**.

The court "must appoint a guardian ad litem——or issue another appropriate order——to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The Court looks to the law of plaintiff's domicile for guidance in determining whether she is "incompetent." *See Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990) ("[T]he law of an individual's domicile determines the individual's competence to sue on [her] own behalf for the purposes of Rule 17(c)."). The Court has found no authority regarding whether domicile for Rule 17(c) purposes should be understood as the plaintiff's domicile at the time the complaint was filed——here, Washington, D.C., *see* Compl., ECF No. 1——or should be understood as the plaintiff's present domicile——here, New York. *See* Notice of

1

Change of Address, ECF No. 2. The Court need not resolve which state's law should apply, however, as under either standard plaintiff is appropriately deemed incompetent. Under New York law, "a guardian may be appointed for a litigant who is incapable of prosecuting or defending his rights." *Bender v. Del Valle*, No. 05-6459, 2009 WL 1754333, at *2 (S.D.N.Y. June 22, 2009) (internal quotation marks omitted). Under District of Columbia law, an individual is deemed incompetent when she is unable to understand her legal obligations. *Cf. Teal v. District of Columbia Dep't of Emp't Servs.*, 580 A.2d 647, 651 (D.C. 1990).

Review of the entire record in this case leads to the conclusion that plaintiff is incapable of making responsible decisions about her case, and thus is incompetent. As the Court indicated in its Order to Show Cause of November 4, 2016, the content of plaintiff's e-mails that appear in the record suggest that plaintiff suffers from paranoia and delusions. *See, e.g.*, Decl. of Robert G. Lian, Jr., ECF No. 41-4 ¶ 5 (describing e-mails plaintiff has sent, including one to a firm partner requesting him to inform her parents that "their daughter has earned her position as managing partner of a law firm previously called 'Akin Gump'" and one that states "HOW YOU LIVIN BIGGIE SMALLS"); E-mail to Court's Law Clerk, ECF No. 57-5 (stating that the Court is delaying the case "solely on the question of

whether I have a Husband which should play no role whatsoever other than to add additional losses"). Recent emails entered into the record confirm the Court's concern that plaintiff suffers from paranoia and delusions that necessitate the appointment of a guardian ad litem. *See, e.g.*, Decl. of Robert G. Lian, Jr., ECF No. 63-1 ¶ 4 (describing e-mail plaintiff sent stating, "How does anyone have a home? How did anyone build homes? How is anyone paying for groceries? How are they breathing?").

Consistent with due process requirements, plaintiff has been provided with adequate notice and an opportunity to be heard. *See Sturdza v. United Arab Emirates*, 562 F.3d 1186, 1188 (D.C. Cir. 2009). The Court's Order to Show Cause of November 4, 2016 directed plaintiff to show cause at a hearing as to why she should not be required to submit to a mental evaluation by a psychiatrist, who would provide his or her opinion concerning her competency. Order to Show Cause, ECF No. 59 at 2. That Order also explained that any failure on plaintiff's part to submit to a psychiatric evaluation could be considered when determining whether to appoint a guardian ad litem, and the Court warned plaintiff that she could seek to dismiss her case without prejudice if she wished to avoid either a psychiatric evaluation or the appointment of a guardian ad litem that would result in the loss of control over her litigation. *Id.* at 2-3. At the

subsequent show cause hearing, plaintiff did not offer any argument in opposition to defendant's motion to appoint a guardian ad litem, refused to consent to a psychiatric evaluation, and stated that she would not comply with a court order to obtain a psychiatric evaluation. Decl. of Robert G. Lian, Jr., ECF No. 63-1 ¶ 3. Plaintiff subsequently failed to file a recommendation for further proceedings, despite having been ordered to do so by the Court, *see* Minute Entry of January 6, 2017, and failed to appear in-person or telephonically at a status hearing scheduled for February 15, 2017.

In light of the abundant evidence in the record suggesting that plaintiff is unable to make responsible decisions about her case, her failure to offer any explanation as to why a guardian ad litem should not be appointed to assist her, her failure to submit to a psychiatric evaluation, and her repeated failure to comply with Court orders, the Court concludes that plaintiff is "incompetent" under Federal Rule of Civil Procedure 17(c)(2).

Accordingly, it is hereby

**ORDERED** that defendant's motion to appoint plaintiff a guardian ad litem is **GRANTED**; and it is

**FURTHER ORDERED** that **Robert Bunn, Esq.** is appointed on a pro bono basis to assist plaintiff in prosecuting this case in plaintiff's best interests; and it is

4

**FURTHER ORDERED** that, in recognition of the guardian ad litem's authorization "to act on behalf of his ward" and to "make all appropriate decisions in the course of the specific litigation," *Thomas*, 916 F.2d at 1033, and the Court's "continuing obligation to supervise the guardian ad litem's work," *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999), by no later than **April 18, 2017** the guardian ad litem shall file a recommendation for further proceedings in this case; and it is

**FURTHER ORDERED** that this case is **STAYED** pending further order of the Court.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**February 16, 2017**