# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTY WAGNER,<br><br>Plaintiff,<br><br>v.<br><br>AKIN GUMP STRAUSS HAUER & FELD, LLP,<br><br>Defendant. | Civil Action No. 1:16-cv-00568<br><br>**REDACTED** |

## MOTION TO ENFORCE SETTLEMENT

Defendant Akin Gump Strauss Hauer & Feld, LLP, by and through the undersigned counsel, hereby respectfully moves this Court for an order to enforce the settlement reached with Plaintiff Kristy Wagner.

In support of this motion, Defendant submits the accompanying Memorandum in Support and Declaration of Robert G. Lian, Jr. with accompanying exhibits.

Dated: March 20, 2019                         Respectfully submitted,

                                              /s/ *Robert G. Lian, Jr.*
                                              Robert G. Lian, Jr.
                                              AKIN GUMP STRAUSS HAUER & FELD, LLP
                                              1333 New Hampshire Avenue, N.W.
                                              Washington, D.C. 20036
                                              (202) 887-4000 (telephone)
                                              (202) 887-4288 (facsimile)
                                              blian@akingump.com

                                              *Counsel for Akin Gump Strauss Hauer & Feld, LLP*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTY WAGNER,<br><br>                  Plaintiff,<br><br>vs.<br><br>AKIN GUMP STRAUSS HAUER & FELD, LLP,<br><br>                  Defendant. | Civil Action No. 1:16-cv-00568-EGS<br><br>**REDACTED** |

**DEFENDANT AKIN GUMP STRAUSS HAUER & FELD LLP MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT**

Defendant Akin Gump Strauss Hauer & Feld LLP (the "Firm"), by and through counsel, respectfully submits this memorandum of points and authorities in support of its motion to enforce a settlement reached with Plaintiff Kristy Wagner. Counsel for parties reached a settlement of the instant case that is reflected in a term sheet executed by counsel on January 4, 2018. The parties intended that the term sheet reflect the terms of a comprehensive resolution of their dispute. After months of negotiation of a final settlement agreement that more fully memorialized the provisions of the term sheet, Ms. Wagner's counsel advised that Ms. Wagner no longer wished to settle the case. Ms. Wagner's stated reason for backing out of her agreement is that Defendant purportedly provided a reference to another firm with which she was interviewing and that this caused her to be rejected for the job. Ms. Wagner has provided no evidence to support her assertion, Defendant is aware of no reference request on Plaintiff, and it would not be grounds for her to back out of the settlement in any case.

The parties' signed term sheet represents a binding agreement to resolve their dispute. Plaintiff has no valid excuse for declining to abide by it. For the reasons set forth herein, the Court should grant Defendant's motion and order Plaintiff to comply with the settlement set forth in the term sheet.

**I.      FACTUAL BACKGROUND**

   **A. Plaintiff's Claims and Procedural History**

Plaintiff is a former attorney for Defendant who voluntarily resigned in late 2014 in order to become a partner at another firm. *See* Declaration of Robert G. Lian ("Lian decl.") ¶ 3. Shortly after her departure, Plaintiff began sending unwelcome and uninvited text and email messages to Defendant's partners. *Id.* ¶ 4. Among these messages were threats of physical violence. *Id.*

In response to Plaintiff's actions, Defendant filed legal actions and obtained restraining orders against Plaintiff. *Id.* ¶ 5. In a settlement of that litigation, Plaintiff, who was represented by two different law firms, agreed on May 10, 2015, among other steps, to (i) stay away from the Firm and its partners, (ii) ███████████████████████ and (iii) release and waive all claims that she may have against Defendant. *Id.*

Despite having released all claims in the settlement agreement with the Firm, on January 14, 2016, Ms. Wagner filed a charge of discrimination against the Firm with the Equal Employment Opportunity Commission alleging the Firm engaged in disability discrimination against her by not accommodating a foot injury she sustained during the time she was employed at the Firm. On March 25, 2016, Plaintiff filed the instant lawsuit making those same allegations. *See* Doc. No. 1; Lian decl. ¶ 6. On April 18, 2016, Defendant moved to dismiss and for summary judgment in the instant case. *See* Doc. No. 7; Lian decl. ¶ 6.

After filing the lawsuit, Plaintiff resumed sending Defendant and its clients numerous unwelcome and unsolicited emails and other communications in violation of the prior settlement. Lian decl. ¶ 7. She also demanded repeatedly to be admitted to the Firm's offices so that she could resume work there. *Id.*

On May 26, 2016, Judge Contreras entered a temporary restraining order against Plaintiff requiring her compliance with the prior agreement. *Id.* ¶ 9. This order prohibited Plaintiff from (i) coming within 200 feet of Defendant's Washington, D.C. office, (ii) contacting anyone at the Firm by any means except through a specified email address, (iii) contacting any of the Firm's clients with respect to the dispute, (iv) representing herself as being a member of the Firm, or (v) attempting to secure a lien on the Firm's property. *Id.*

Thereafter, Plaintiff filed three additional lawsuits over her departure from the Firm: (i) one against Defendant in the U.S. District Court for the Southern District of New York, (ii) one against a client in that same court, and (iii) one against an individual partner from the D.C. office in the U.S. District Court for the District of Columbia.[1] *Id.* at ¶ 10.

Concerned about Ms. Wagner's competence and capacity to represent herself, on July 22, 2016, Defendant moved for the appointment of a guardian *ad litem* to represent Ms. Wagner's interests in this case. Doc. No. 57; *see also* Lian decl. ¶ 11. On February 16, 2017, the Court granted Defendant's motion in the instant action for appointment of a guardian *ad litem*. Doc. No. 64; *see also* Lian decl. ¶ 11. In his report to the Court, the guardian *ad litem* advised the Court that Ms. Wagner had retained the services of Attorney Iris Green to represent her in attempting to negotiate a settlement with Defendant. Doc. No. 66, Lian decl. ¶ 11.

---

[1] These lawsuits are *Wagner v. Akin Gump et. al*, No. 16 Civ. 3532 (GBD) (JCF) (S.D.N.Y. filed May 11, 2016), ▇▇▇ (S.D.N.Y. filed Sept. 19, 2016), and ▇▇▇ (D.D.C. filed May 24, 2016).

3

### B. Mediation and Settlement Term Sheet

On August 17, 2017, the parties held a mediation before Magistrate Judge Alan Kay. Ms. Green attended along with Ms. Wagner. The parties did not reach a settlement at the mediation, but counsel for the parties continued to negotiate to attempt to reach a resolution. Lian decl. ¶ 11. On January 4, 2018, after months of negotiations, counsel for the parties signed a term sheet setting forth the terms of the parties' agreement. *See* Lian decl. ¶ 12, Ex. 1 ("Term Sheet"). The Term Sheet lays out all the material terms of the parties' settlement. In exchange for a settlement payment of $20,000 to Plaintiff, Ms. Wagner agreed to dismiss her lawsuits and release all claims against Defendant, its partners, and employees. *Id.* at ¶ 12-13, Ex. 1. In addition, the parties agreed that:

- all preliminary injunction orders be incorporated into the Settlement Agreement;
- Plaintiff would dismiss all cases against Defendant, the client, and the partner;
- Plaintiff would not seek to become reemployed or reaffiliated with the Firm; and
- the Court would retain jurisdiction to settle disputes that arise under the Settlement Agreement. *See id.* at ¶ 13.

The Term sheet also set forth an agreed procedure for Ms. Wagner to demonstrate, and for the Court to confirm, Ms. Wagner's competence to settle the case. *Id.*

The parties agreed to prepare a formal settlement agreement to embody the terms of the Term Sheet, and worked on that agreement over the next several months. Lian decl. ¶ 14. The parties ultimately came to an agreement on all terms and drafted a final version of the settlement agreement on October 11, 2018. *See id.* ¶ 15, Ex. 2 ("Settlement Agreement"). The parties prepared to discuss the terms of the settlement agreement and the process for securing court approval of it at a status conference scheduled for November 6, 2018. Lian decl. ¶¶ 15-16.

## C. **Plaintiff Reneges on the Settlement Terms**

Shortly before the scheduled status conference, Plaintiff's counsel informed Defendant's counsel that Ms. Wagner no longer wished to settle. *Id.* ¶ 16. The only basis Plaintiff's counsel provided for Ms. Wagner's change of heart was Ms. Wagner's belief that the Firm allegedly provided a negative reference in connection with Plaintiff's effort to secure new employment. Despite repeated requests, Plaintiff's counsel has provided no information to substantiate Ms. Wagner's allegation about the Firm. *Id.* ¶ 17. Furthermore, Defendant's human resources department has no record of any references being requested or provided for Ms. Wagner. *Id.* ¶ 16.

The Court ordered the parties to participate in another mediation to see if they could resolve their dispute. Doc. No. 86. The parties participated in that mediation on January 16, 2019, but Plaintiff remained unwilling to abide by the agreement in the Term Sheet that her counsel signed.

## II. **Legal Standard**

Federal district courts have the authority to enforce settlement agreements. *See Hall v. George Washington Univ.*, No. CIV.A. 99-1136, 2005 WL 1378761, at *3 (D.D.C. May 13, 2005); *Autera v. Robinson*, 419 F.2d 1197, 1200 & n.9 (D.C. Cir. 1969). "For a contract to be enforceable, the parties must (1) express an intent to be bound, (2) agree to all material terms, and (3) assume mutual obligations." *Dyer v. Bilaal*, 983 A.2d 349, 356 (D.C. 2009); *see also EastBanc, Inc. v. Georgetown Park Assocs. II, L.P.*, 940 A.2d 996, 1002 (D.C. 2008); *Jack Baker, Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995); *United States v. Mahoney*, 247 F.3d 279, 285 (D.C. Cir. 2001). Parties may intend to be bound by a contract even before settling on the "exact language of [a] written settlement agreement." *Varga v. Baker*, No. 92-

5064, 1993 WL 20073, at *1 (D.C. Cir. Jan. 5, 1993).  To determine the parties' intent, a court should look to written materials, words, and actions, including behavior after the oral agreement.  *See Miller v. Holzmann*, 471 F. Supp. 2d 122, 124-25 (D.D.C. 2007).  Here, all the elements for an enforceable settlement are present.

## III.   ARGUMENT

The parties entered into a binding settlement on January 4, 2018.  Plaintiff has no basis for failing to comply with its terms and finalizing the parties' agreement.  The Court should enforce the terms of that agreement, compel plaintiff to comply, and dismiss this case.

### A.   Plaintiff Agreed to Be Bound by the Provisions in the Term Sheet

The parties clearly had the intention to be bound by the provisions of the Term Sheet and resulting Settlement Agreement.  They engaged in negotiations for over a year, during which they executed a Term Sheet stating all of the material terms of the resolution of their dispute.  *See* Ex. 1.  The Settlement Agreement they drafted embodied and was faithful to the Term Sheet.  *See* Ex. 2.  Counsel for each of the parties signed the Term Sheet with the full expectation and intent that it represented the agreement of the parties.

At no point did Ms. Wagner's counsel ever communicate that she, in signing the Term Sheet, lacked the full consent and authorization of Ms. Wagner in any way.  *See* Lian decl. ¶ 18.  To the contrary, throughout the negotiations, she repeatedly stated that she had to check with Ms. Wagner before agreeing to particular terms.  Nor is there any language in the Term Sheet stating that Ms. Wagner was reserving her right to approve any final deal.  There is a good reason for that: both parties understood that the Term Sheet itself reflected their agreement.  They nevertheless agreed to continue to work together to devise a final settlement document that included all the necessary language to effectuate their agreement.

### B. The Signed Term Sheet Contained the Material Terms

The signed Term Sheet and resulting Settlement Agreement contain all the material terms of the parties' agreement. Materiality concerns the core content of the parties' obligations under an agreement, and not the precise way that the parties are to meet those obligations. "In the context of settlement agreements, court[s] have found that the amount to be paid and the claimant's release of liability are the material terms." *Blackstone v. Brink*, 63 F. Supp. 3d 68, 77 (D.D.C. 2014). Here, the agreement provides for Defendant to pay Ms. Wagner the sum of $20,000 in exchange for her releasing all her claims, dismissing her lawsuits, and agreeing not to seek reemployment or reaffiliation with the Firm. The parties also agreed that all prior injunction orders would be incorporated into their settlement. The Term Sheet provided a procedure to confirm Ms. Wagner's competence. Nothing more is required to satisfy the materiality requirement. *See Wise v. Riley*, 106 F. Supp. 2d 35, 39 (D.D.C. 2000) (enforcing oral agreement and finding that "material terms" include the amount to be paid and the claimant's release of liability).

### C. The Parties' Obligations Are Mutual

The obligations in the parties' agreement are mutual. In exchange for dismissing her cases and releasing her claims, the Firm agreed to pay Ms. Wagner $20,000. This is a significant sum, far more in the Firm's view than she is entitled to recover on claims, which Defendant's briefing on the motion to dismiss shows lack any merit whatsoever. *See* Doc. No. 7.

### D. There is No Justification for Plaintiff's Refusal to Comply.

Plaintiff has offered no legitimate justification for her attempt to rescind her agreement, nor can she. Any desire by plaintiff for new or different terms is insufficient, as is her

7

unsubstantiated allegation that the Firm has done anything to comprise her ability to find another job.

A settlement will be enforced in the District of Columbia when the agreement is otherwise valid, even if one of the parties has "misgivings" regarding its obligations. *Williams v. Washington Metro. Area Transit Auth.*, 537 F. Supp. 2d 220, 222 (D.D.C. 2008), citing *Ulliman Schutte Const., LLC v. Emerson Process Mgt. Power & Water Solutions*, No. CIV.A. 02-1987, 2007 WL 1794105, at *7 (D.D.C. June 19, 2007) ("A party cannot avoid the effects of a valid oral settlement agreement because of second thoughts[.]"); *Greene v. Rumsfeld*, 266 F. Supp. 2d 125, 137 (D.D.C. 2003) (a "change of heart" by a party to a settlement agreement is not a basis upon which to relieve the party of his obligations under the terms of the agreement). This is particularly true where, as here, Plaintiff voluntarily and knowingly agreed to the terms of the agreement upon the advice of counsel. *See Wise*, 106 F. Supp. 2d at 39 ("A plaintiff who consents to a settlement on the advice of counsel or whose attorney actively negotiates settlement on the plaintiff's behalf is presumed to have knowingly and voluntarily consented to settlement on the agreed terms absent fraud or duress."); *see also Carillo v. Dandan, Inc.*, 51 F. Supp. 3d 124, 134 (D.D.C. 2014) (a settlement agreement reached where the parties are represented by competent counsel in arm's-length negotiations "bears all the indicia of one that leads to a just outcome").

### IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to enforce the settlement reached by the parties and dismiss this action with prejudice upon Defendant's satisfaction of the terms of the settlement.

Dated: March 20, 2019                    Respectfully submitted,

                                                         */s/ Robert G. Lian, Jr.*
                                                         Robert G. Lian, Jr. (DC Bar No. 44613)
                                                         AKIN GUMP STRAUSS HAUER & FELD LLP
                                                         1333 New Hampshire Avenue, N.W.
                                                         Washington, DC 20036
                                                         Telephone: (202) 887-4358
                                                         Facsimile: (202) 887-4288
                                                         blian@akingump.com

                                                         ATTORNEY FOR DEFENDANT AKIN GUMP
                                                         STRAUSS HAUER & FELD, LLP

9

## CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2019, I served the foregoing Motion to Enforce Settlement, and Memorandum and Declaration in Support Thereof via email upon the below counsel of record in this matter.

>Iris McCollum Green
>GREEN & FOUSHEE
>1730 M Street, NW
>Suite 609
>Washington, DC 20036
>Email: iriseagain@aol.com
>
>Robert Phillip Bunn
>LAW OFFICES OF ROBERT BUNN
>910 17th Street, NW
>Suite 800
>Washington, DC 20006-2606
>Email: rbunnlaw@aol.com

>/s/ *Robert G. Lian, Jr.*
>Robert G. Lian, Jr.  (DC Bar No. 446313)

>*Counsel for Akin Gump Strauss Hauer & Feld, LLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTY WAGNER,<br><br>Plaintiff<br><br>vs.<br><br>AKIN GUMP STRAUSS HAUER & FELD, LLP,<br><br>Defendant. | Civil Action No. 1:16-cv-00568 |

**[PROPOSED] ORDER TO ENFORCE SETTLEMENT**

This matter is before the Court on Defendant Akin Gump Strauss Hauer & Feld, LLP ("Defendant's") Motion to Enforce Settlement. After due consideration of the Defendant's motion and any oppositions or oral argument of the parties, Defendant's Motion to Enforce Settlement is hereby **GRANTED**. The parties shall abide by the terms of the settlement agreement, and this action shall be dismissed with prejudice upon Defendant's satisfaction of the terms of the settlement.

**SO ORDERED**.

Dated: _____, 2019         _____
                                                The Honorable Rudolph Contreras
                                                United States District Judge