## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KRISTY WAGNER,** ) | |
| ) | |
| **PLAINTIFF,** ) | **Civil Action No.: 1:16-cv-00568 (EGS)** |
| **v.** ) | |
| ) | **FILED UNDER SEAL** |
| **AKIN GUMP STRAUSS HAUER & FELD, LLP** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY

The Plaintiff in the above captioned case, through counsel, respectfully apologizes to this Court for its failure to request permission prior to filing a surreply in this matter. The Plaintiff belatedly moves this Court for leave to file its previously filed surreply. Plaintiff sought to file the surreply in response to new arguments and incorrect factual assertions made by Defendant Akin Gump in its Reply in Support of Motion to Enforce Settlement ("Defendant's Reply" or "Def. Rep."). Simultaneously, Plaintiff opposes Defendant's motion to strike Plaintiff's surreply.

"The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld,* 154 F. Supp 2d 56, 61 (D.D.C. 2001)). Plaintiff satisfies this standard because Akin Gump's reply brief presents the same cases in support of contradictory propositions for the first time in support of their position, as

well as an affidavit of their counsel, Robert Lian, Esquire and nine email exchanges, which Plaintiff has not been able to contest and/or explain why these cases cited for contradictory reasons do not support Defendant's position. In this Circuit, "district courts routinely grant such motions" when this standard is satisfied. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.D.C. 2003).

## I. Defendant's Reply Contains False Assertions

In Defendant's Reply in support of its Motion to Enforce Settlement ("Defendant's Motion" or "Def. Mot."), Defendant attempts to mislead the Court by making false assertions therein. As counsel noted in Plaintiff's Surreply to Defendant's Reply in Support of its Motion to Enforce Settlement ("Plaintiff's Surreply" or "Pl. Sur."), Defendant attempts to mislead the Court by "mischaracterizing, months and years after the fact, correspondences, conversations and filings of the parties, when contemporaneous evidence wholly contradicts said mischaracterizations." *See* Pl. Sur. at 2. For example, in the Declaration of Robert G. Lian, Jr. in Support of Defendant's Motion to Enforce Settlement ("Initial Lian Declaration" or "Init. Lian Dec."), Mr. Lian asserted that "a final version of the settlement agreement was exchanged on October 11, 2018". *See* Init. Lian Dec. at paragraph 15. Mr. Lian "attached the last version of the settlement agreement as Exhibit 2" to the Initial Lian Declaration. *See* Init. Lian Dec. at paragraph 15. Contradictorily, in the Declaration of Robert G. Lian, Jr. in Support of Defendant's Reply in Support of Motion to Enforce Settlement ("Subsequent Lian Declaration" or "Sub. Lian Dec."), Mr. Lian states "On June 8, 2018, I sent to Ms. Green a final draft of a written settlement agreeing to the final revisions suggested by her."

*See* Sub. Lian Dec. at paragraph 8.  When, in reality, neither Mr. Lian (nor anyone else for that matter) could possibly have distributed a final/last draft/version of a settlement agreement more than once.  Just like Defendant's 6-plus month long delay in asserting the existence of an enforceable settlement and 8-plus month long delay in moving the Court to enforce same[1], Mr. Lian's well-after-the-fact false re-characterizations between declarations separated by less than a month must not be entertained by the Court.  The Initial Lian Declaration also stated: "In late October 2018, just before the parties were due to have a status conference with the Court to report on their resolution of the case, Ms. Green advised me that Ms. Wagner no longer wished to settle."  *See* Init. Lian Dec. at paragraph 16.  Yet the Subsequent Lian Declaration states that the exact same conversation occurred "Moments before the parties were due to appear before the Court for a July 16, 2018 status conference…"  *See* Sub. Lian Dec. at paragraph 12.  Just as the final/last draft/version of a settlement agreement could not possibly have been distributed more than once, the same exact conversation between Mr. Lian, counsel and Plaintiff could not have occurred twice, clearly evidencing the fact that Defendant's Reply, and the Subsequent Lian Declaration filed in support thereof, contain false assertions of fact.

The Subsequent Lian Declaration and Defendant's Reply falsely assert that the parties reached agreement during mediation with Judge Kay.  *See* Sub. Lian Dec. at paragraph 3; *see also* Def. Rep. at 5.  In fact, counsel contacted both Defendant's counsel

---

[1] As noted in Plaintiff's Memorandum in Support of its Opposition to Defendant's Motion to Enforce Settlement, the November 1, 2018 "joint" status report prepared and filed by Defendant stated "Defendant respectfully requests that the Court hold a status conference to discuss a resumption of the litigation if Ms. Wagner does not wish to settle…"  Defendant clearly believed, after all final/last versions/drafts of settlement agreement had been distributed by Defendant, that whether or not the instant litigation would settle was entirely Plaintiff's – and only Plaintiff's - decision.

and Judge Kay in an attempt to resume mediation with Judge Kay before Judge Kay

retired.  Notwithstanding Judge Kay's efforts to convince Mr. Lian to resume said

mediation during a telephone call Judge Kay placed to Mr. Lian, Mr. Lian refused to do

so.

      Counsel also notes, in Plaintiff's Surreply, that Defendant attempts to mislead the

Court into believing that confidentiality is immaterial to any purportedly enforceable

settlement when, contrary to Defendant's own assertions, the word "confidentiality"

continues to exist in Defendant's last circulated draft of settlement agreement.  *See* Pl.

Sur. at 3-4.  Defendant's Reply again contains false assertions since 3 distinct

enforceable settlements cannot possibly bind Plaintiff, as Defendant's Reply so asserts.

*See* Pl. Sur. at 1 and 5.  Defendant's Reply's assertions that multiple drafts of a

settlement agreement crafted by Defendant to require, as express conditions precedent

to the effectiveness of any such settlement, the occurrence of a variety of preconditions

to settlement, constitute enforceable settlement obligations of Plaintiff are also false

since said documents and drafts explicitly rendered any such settlement null and void

in the absence of the occurrence (or waiver) of such preconditions to settlement.  *See* Pl.

Sur. at 2, 4-6.  Independently, the operation of the "entire agreement" clause, which

appears in every draft of settlement agreement circulated to date, rendered all prior

understandings and agreements of the parties entirely superseded and,

correspondingly, Defendant's assertions false.  *See* Pl. Sur. at 2.

      The entirety of Section 2 of Plaintiff's Surreply provides specific examples of

Defendant's pattern of misrepresenting the parties' intentions and communications.  *See*

Pl. Sur. at 5-9.  For example, Section 2 explains how Defendant attempts to mislead the

Court by, among other things, making false, after-the-fact re-characterizations including

through an affidavit of their counsel, Robert Lian, Esquire and nine email exchanges,

which Plaintiff has not been able to contest and/or explain.  *Id.*  Section 2 also makes

reference to yet another [June 8, 2018] "joint status report" prepared and filed by

Defendant prior to giving counsel ample opportunity to review or consent to same,

which contained false statements made by Defendant.  *Id.*  Defendant has a history of

filing "joint" status reports without first giving counsel ample opportunity to review or

consent to, as Defendant previously had done on November 1, 2018, which "joint"

status report also contained false statements.  *See* Pl. Sur. at 5-8.  Defendant's Reply also

attempts to portray correspondences of counsel in a false light, including with respect to

Defendant's distribution of yet another version of the settlement agreement on June 8,

2018, which draft counsel had not even had the opportunity to discuss with Plaintiff for

days thereafter, no less herself fully reviewed, because, as counsel alerted Mr. Lian in

response thereto, she had been tied up all week working on another matter.  *See* Pl. Sur.

at 9.  Plaintiff's Surreply is counsel's only opportunity to explain how and why various

assertions first made by Defendant in Defendant's Reply, and in the Subsequent Lian

Declaration in support thereof, are factually incorrect.  *See* Pl. Sur. at 1-9.

II.     Plaintiff Is Otherwise Unable to Contest and/or Explain Defendant's
        Contradictory Use of Case Law

Furthermore, counsel has not been able to contest and/or explain why the cases

Defendant cited for contradictory reasons in Defendant's Reply do not support

Defendant's position.  For example, Defendant Akin Gump Strauss Hauer & Feld LLP

Memorandum in Support of its Motion to Enforce Settlement ("Defendant's

Memorandum" or "Def. Mem.") relied on *Dyer v. Bilaal*, 983 A.2d 349 (D.C. 2009) to

assert that, for a contract to be enforceable, the parties must (1) express an intent to be

bound, (2) agree to all material terms, and (3) assume mutual obligations.  *See* Def.

Mem. at 5.  Defendant's Reply, however, relies on *Dyer* to assert that neither

confidentiality nor non-disparagement are material settlement terms.  *See* Def. Rep. at 9-

10.  Plaintiff's Surreply is counsel's only opportunity to respond to the contradictory

usage of *Dyer*, in response to which counsel asserts that (regardless of whether or not

confidentiality and/or non-disparagement constitute material settlement terms) any

purported settlement failed to become enforceable since (1) unlike the enforceable

settlements in *Dyer*, the purportedly enforceable settlement in the instant litigation

lacked definitive obligations to perform; (2) no document purporting to be a settlement

agreement of the type required as a pre-condition to settlement by the express terms of

a purportedly enforceable term sheet has been executed in the instant litigation; and (3)

unlike *Dyer*, the instant litigation involves a Plaintiff who was determined by this Court

to be mentally unfit and for whom a Guardian *Ad Litem* was requested *by the moving

party*, which request was granted by the Court.  *See* Pl. Sur. at 2 and 10-11.  In the

absence of a surreply, counsel has been unable to contest Defendant's contradictory

usage of *Dyer* to assert that confidentiality is not material to any purported settlement.

Counsel contests this contradictory assertion when counsel notes that, contrary to

Defendant's assertions, the word "confidentiality" continues to exist in Defendant's last

circulated draft of settlement agreement.  *See* Pl. Sur. at 3-4.  Plaintiff's Surreply is counsel's only opportunity to assert that, if confidentiality were in fact immaterial as Defendant for the first time relies on *Dyer* in so asserting (in Defendant's Reply), Defendant would have removed all references thereto in response to counsel's multiple demands to do so, especially in light of the fact that Defendant believes Plaintiff to already be bound by such confidentiality obligation as a member of the bar.  *Id.*

Defendant's Memorandum referred to *Hall v. George Washington Univ.*, No. CIV.A. 99-1136, 2005 WL 1378761 (D.D.C. May 13, 2005) to assert that Federal district courts have the authority to enforce settlement agreements.  *See* Def. Mem. at 5.  Yet, in Defendant's Reply, Defendant relies on *Hall* to assert that counsel has the authority to bind Plaintiff to an agreement.  *See* Def. Rep. at 5.  Plaintiff's Surreply is counsel's only opportunity to respond to Defendant's assertion that *Hall* should apply to render Plaintiff bound by counsel's purported signature, in response to which counsel contested same by stating that the mere existence of pre-conditions to settlement (the failure of which to occur explicitly bars the effectiveness of any such settlement), along with the prior appointment of a Guardian *Ad Litem* (and the Court's failure to consider whether or not to dismiss said Guardian *Ad Litem*), and Defendant's failure to submit evidence to the Court that Plaintiff, herself, signed, agreed to or even reviewed any draft of settlement agreement, nullifies Defendant's Reply's contradictory reliance upon *Hall*.  *See* Pl. Sur. at 10.

Counsel also has not had the opportunity to contest Defendant's contradictory usage of *Blackstone v. Brink*, 63 F. Supp. 3d 68 (D.D.C. 2014).  Defendant's Memorandum

relied on *Blackstone* to assert that the amount to be paid and the claimant's release of liability are material settlement terms.  *See* Def. Mem. at 7.  In Defendant's Reply, however, Defendant relies on *Blackstone* to assert that a party's "belated objections" do not negate its intent to be bound by an agreement.  *See* Def. Rep. at 11.  Defendant also states, in Defendant's Reply, "[i]n *Blackstone*, for example, the court enforced an oral settlement agreement even though one party later raised objections because such misgivings do not permit a party to "'foreswear'… a previously agreed upon contract." *Id.*, quoting *Carlson v. State Farm Mutual Automobile Insurance Co.*, 76 F.Supp. 2d 1069, 1076 (D. Mont. 1999), *aff'd*, 11 F. A'ppx 954 (9th Cir. 2001)…".  *See* Def. Rep. at 11. Counsel contests Defendant's characterizations of counsel's and/or Plaintiff's actions as "belated objections" and "misgivings" by asserting that the term sheet and settlement agreement drafts explicitly rendered any prior settlement null and void in the absence of the occurrence (or waiver) of such pre-conditions to settlement, as well as that, by operation of the "entire agreement" clause (which appears in every draft of settlement agreement circulated to date), all prior understandings and agreements of the parties were intended by Defendant to be completely superseded.  *See* Pl. Sur. at 2, 4-6.  It was Defendant who experienced a "change of heart" when it replaced a term sheet with a document containing 22 terms not previously discussed and 3,488 words (constituting a 700% increase in word count, as compared to said term sheet), which took Defendant longer than 3 weeks to prepare.  *See* Pl. Sur. at 3, 6-7.  Insofar as Plaintiff is concerned, no change of heart was necessary as said term sheet and numerous versions of the settlement agreement by their own explicit terms barred the effectiveness of,

superseded and expressly rendered null and void any and all purported settlements. *See* Pl. Sur. at 2-7.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should grant Plaintiff leave to file its previously filed surreply and simultaneously deny Defendant's motion to strike Plaintiff's surreply.

Respectfully submitted,

GREEN & FOUSHEE

By:

_____/S/_____

IRIS McCOLLUM GREEN, ESQ.
Bar No. 932590
1730 M Street, N. W., Suite 609
Washington, D. C. 20036
(202) 785-1171
(202) 785-8105 (FAX)
iriseagain@aol.com

Counsel for Kristy Wagner

## CERTIFICATE OF SERVICE

I, hereby, state that on this 23rd day of May 2019, a copy of Plaintiff's opposition to motion to strike surreply was served by e-service on the following counsel of record:

Robert G. Lian, Esq.
Akin Gump Strauss Hauer & Feld, LLP
2001 k Street, N. W.
Washington, D. C. 20006

/s/Iris Mc Collum Green
Iris McCollum Green, Esq.