## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTY WAGNER, | |
| Plaintiff, | Civil Action No. 1:16-cv-00568-EGS |
| vs. | **REDACTED VERSION** |
| AKIN GUMP STRAUSS HAUER & FELD, LLP, | **Hearing Requested** |
| Defendant. | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, TO DISMISS AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF UNDISPUTED FACTS ...........................................................4

III.    ARGUMENT ..........................................................................................................6
        A.      Standards for Summary Judgment ..............................................................6
        B.      Standards for Rule 12(b)(6) Motion to Dismiss ........................................7
        C.      Summary Judgment Is Warranted Because ███████████████
                ████████..............................................................................8
        D.      Summary Judgment Is Appropriate On Plaintiff's ADA, Title VII, and
                DCHRA, and Tort Claims Because They Are Untimely.............................12
                1.      Plaintiff's ADA and Title VII Claims Are Time-Barred ...............12
                2.      Plaintiff's DCHRA Claims, Invasion of Privacy, Intentional
                        Infliction of Emotion Distress,  and Tortious Interference Claims
                        Are Barred By The Statute Of Limitations ....................................14
        E.      Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be
                Granted......................................................................................................16
                1.      Plaintiff Does Not State A Disability or Gender Discrimination
                        Claim Under The ADA, Title VII, Or DCHRA ............................16
                2.      Plaintiff Fails To State An EPA Claim .........................................18
                3.      Plaintiff States No Claim for Intentional Infliction of Emotional
                        Distress..........................................................................................19
                4.      Plaintiff States No Claim for Invasion of Privacy .......................21
                5.      Plaintiff States No Claim for Tortious Interference .....................22

IV.     CONCLUSION.....................................................................................................24

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)............................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................7, 8, 23

*Bailey v. Verizon Commc'ns, Inc.*,
544 F. Supp. 2d 33 (D.D.C. 2008) ....................................................................8

*Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.*,
383 F. Supp.2d 32 (D.D.C. 2005)....................................................................24

*Bd of Trs. Of Nat'l Training Sch. for Boys v. O.D. Wilson, Co.*,
133 F.2d 399 (D.C. Cir. 1943) .........................................................................10

*Brown v. Hill*,
2023 U.S. App. LEXIS 12497 (D.C. Cir. May 19, 2023).................................20

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................................7

*Close It! V. Nadel*,
2022 D.C. Super. LEXIS 55 (Feb. 14, 2022).....................................................15

*Cornish v. District of Columbia*,
67 F. Supp. 3d 345 (D.D.C. 2014) ....................................................................18

*Doe v. Bernabei & Wachtel, PLLC*,
116 A.3d 1262 (2015)........................................................................................21

*Duma v. Unum Provident*,
770 F. Supp. 2d 308 (D.D.C. 2011) ..................................................................10

*Dyson v. District of Columbia*,
808 F. Supp. 2d 84 (D.D.C. 2011), *aff'd*, 710 F.3d 413 (D.C. Cir 2013)..............14

*Featherston v. District of Columbia*,
910 F. Supp. 2d 1 (D.D.C. 2012) (ADA)..............................................................13

*Fowler v. District of Columbia*,
2021 U.S. Dist. LEXIS 175979 (D.D.C. Sept. 16, 2021), 31 F. Supp. 3d 277
(D.D.C. 2014) ....................................................................................................13

ii

*Goldstein v. S&A Rest. Corp.*,
    622 F. Supp. 139 (D.D.C. 1985) ........................................................................... 10

*Gonzalez Ramos v. ADR Vantage, Inc.*,
    2021 U.S. Dist. LEXIS 186265 (D.D.C. Sept. 29, 2021) ....................................... 15

*Greenpeace v. Dow*,
    97 A.3d 1053 (D.C. 2014) ..................................................................................... 15

*Grosdidier v. Broad. Bd. of Governors, Chairman*,
    709 F.3d 19 (D.C. Cir. 2013) .................................................................................. 7

*Highland Renovation Corp. v. Hanover Ins. Grp*.,
    620 F. Supp. 2d 79 (D.D.C. 2009) .......................................................................... 7

*Hodges v. District of Columbia*,
    959 F. Supp. 2d 148 (D.D.C. 2013) ...................................................................... 16

*Jackson v. Am. Chem. Soc.*,
    812 F. Supp. 239 (D.D.C. 1993) ........................................................................... 20

*Johnson v. Veneman*,
    569 F. Supp. 2d 148 (D.D.C. 2008) ...................................................................... 12

*Langeman v. Garland*,
    88 F.4th 289 (D.C. Cir. 2023) ................................................................................. 1

*Laningham v. U.S. Navy*,
    813 F.2d 1236 (D.C. Cir. 1987) .............................................................................. 7

*LanQuest Corp. v. McManus & Darden LLP*,
    796 F. Supp. 2d 98 (D.D.C. 2011) .......................................................................... 7

*Larjiani v. Georgetown Univ.*,
    791 A.2d 41 (D.C. 2002) ....................................................................................... 20

*Lawson v. J.C. Penney Co. Inc.*,
    7 F. Supp. 3d 898 (E.D. Wis. 2014), *aff'd sub nom. Lawson v. J.C. Penney
    Corp.*, 580 F. App'x 492 (7th Cir. 2014) ................................................................ 8

*Liu v. Am. Chem. Soc.*,
    2019 D.C. Super. LEXIS 626 (Nov. 19, 2019) ..................................................... 17

*Maceda v. Billington*,
    Civ. A. No. 01-046 (RMC), 2003 WL 25782447 (D.D.C. Jan. 17, 2003) ............ 11

iii

*Major v. Plumbers Local Union No. 5 of United Ass'n of Journeymen &*
*Apprentices of Plumbing & Pipe-Fitting Indus. of U.S. & Canada, AFL-CIO*,
370 F. Supp. 2d 118 (D.D.C. 2005) ........................................................................14

*Marshall v. Fed. Exp. Corp.*,
130 F.3d 1095 (D.C. Cir. 1997) .............................................................................12

*Morgan v. Fed. Home Loan Mortg. Corp.*,
172 F. Supp. 2d 98 (D.D.C. 2001), *aff'd*, 328 F.3d 647 (D.C. Cir. 2003) ...............8

*Naegele v. Albers*,
110 F. Supp.3d 126 (D.D.C. 2015) ...................................................................22, 23

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002) ...............................................................................................13

*Patton Boggs LP v. Chevron Corp.*,
683 F.3d 397 (D.C. Cir. 2012) ...............................................................................23

*Payne v. Clark*,
25 A.3d 916 (D.C. 2011) ........................................................................................17

*Proctor v. District of Columbia*,
74 F. Supp. 3d 436 (D.D.C. 2014) ..........................................................................14

*Robertson v. Cartinhour*,
867 F. Supp. 2d 37 (D.D.C. 2012) ..........................................................................23

*Robinson-Reeder v. Am. Council on Educ.*,
532 F. Supp. 2d 6 (D.D.C. 2008), *aff'd*, 417 F. App'x 4 (D.C. Cir. 2011) .............14

*Russell v. Harman Int'l Indus., Inc.*,
945 F. Supp. 2d 68 (D.D.C. 2013), aff'd, 773 F.3d 253 (D.C. Cir. 2014) ..............12

*Schmidt v. Shah*,
696 F. Supp. 2d 44 (D.D.C. 2010) ...........................................................................8

*Shamey v. Adm'r, Gen. Servs. Admin.*,
732 F. Supp. 122 (D.D.C. 1990), *aff'd*, 925 F.2d 490 (D.C. Cir. 1991) .................18

*Smith v. Union Labor Life Ins.*,
620 A.2d 265 (D.C. Cir. 1993) ...............................................................................20

*Steele v. Schafer*,
535 F.3d 689 (D.C. Cir. 2008) .................................................................................7

*Univ. of Texas Southwestern Med. Centr. V. Nassar*,
570 U.S. 338 (2013)................................................................................................17

*Vitikacs v. Am. Legion*,
    2003 D.C. Super. Lexis 43 (June 8, 2003).............................................................15

*Wagner v. Akin Gump Strauss Hauer & Feld, LLP*,
    Case No. 16-CV-3532 (GBD)..............................................................................2

*Wash. Metro Area Trans. Auth. v. Quik Serve Foods, Inc.*,
    2006 U.S. Dist. LEXIS 24510 (D.D.C. 2006) ....................................................24

*Wiley v. Glassman*,
    511 F.3d 151 (D.C. Cir. 2007)............................................................................16

*Williams v. District of Columbia*,
    9 A.3d 484 (D.C. 2010) ..............................................................................19, 20

**Statutes**

20 U.S.C. § 206(d) ..........................................................................................................9

29 U.S.C. § 255(a) ........................................................................................................12

42 U.S.C. § 2000e–5(e)(1).............................................................................................13

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)......................................................................................................7

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 7

Fed. R. Civ. P. 56(a) ........................................................................................................6

Restatement (Second) of Torts, §587.............................................................................17

Defendant Akin Gump Strauss Hauer & Feld, LLP ("Akin" or the "Firm") submits this memorandum in support of its Motion for Summary Judgment, or Alternatively, to Dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

## I.  <u>INTRODUCTION</u>

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████[1]███████████████████████████[2]████████████████████████████

- ████████████████████████████████████████████████████

  ████████████████████████████████████████████████████

  ████████████████████████████████████████████████████

  ████████████████████████

- ████████████████████████████████████████████████████

  ████████████████████████████████████████████████████

  ████████████████

---

[1] Akin is seeking summary judgment and, thus, it is appropriate for this Court to consider materials outside the scope of the Amended Complaint.  Even as to the motion to dismiss, this Court may consider documents referred to in the complaint, which are integral to the claims and whose authenticity is undisputed, as well as public records as to which the Court can take judicial notice, such as the temporary restraining order proceedings.  *Langeman v. Garland,* 88 F.th 289, 291-92 (D.C. Cir. 2023)

[2] ██████████████████████████████████████████████████████████

- ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

- ████████████████████████████████████████
████████████████████████████████████████
████████████████████

- ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████[3]

- ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

─────────────────────

[3] ████████████████████████████████████████
████████████████████████

█████████████████████████[4]   ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████[5]

██████████████████████████████[6]   ███████████████████████████

████████████████████████████████████████████████████████████

███████ and began to exhibit in these proceedings what this Court found to be signs of paranoia and delusion.  (ECF 1 and 64).

Plaintiff has now filed an amended complaint that alleges that Akin discriminated against her based on an ankle injury and her gender when it did not elevate her to partner and ███ ████████████████████████████████████████████████████ (ECF 128-2).  Her Amended Complaint suffers from numerous fatal flaws

First, her claims are barred by ████████████████████████.  Plaintiff, represented by able and separate counsel, ██████████████████████████ ████████████████████████████████████████████████████████████

While the Amended Complaint does not even mention ████████████████████

---

[4]  The N.Y. Peña Declaration was originally submitted in the matter *Wagner v. Akin Gump Strauss Hauer & Feld, LLP*, Case No. 16-CV-3532 (GBD) in the United States District Court for the Southern District of New York, in support of Akin's motion to dismiss.

[5] This ████████████████████████████████████████████████████████ should not be confused with the Jan. 4, 2018 term sheet signed by the parties' counsel that was the subject of this Court's Decl. 8, 2023 Order.  ECF 103.

[6]  The D.C. Peña Affidavit was originally submitted in this case as part of Akin's motion for summary judgment or, in the alternative, for a motion to dismiss.  It was filed as part of ECF 7-1.

███████████████████████████████████████████████████

███████████████████████

Second, her claims are barred by the statute of limitations.  Her Title VII discrimination claims are barred by the requirement to file a charge within 300 days of the adverse employment action, which she did not do.  Her DCHRA, Equal Pay Act Claims, and intentional tort claims are subject to a one-year statute of limitations and likewise barred.

Third, the Amended Complaint does not state any claims against Akin.  Put simply, Akin has no liability to Plaintiff on any legal theory for successfully obtaining ████████████ █████████████████████████████████

## II.   <u>STATEMENT OF UNDISPUTED FACTS</u>

In July 2011, Plaintiff joined the Firm as a counsel in the Global Project Finance group. (Am. Compl. ¶¶ 2-3). She was not elevated to the partnership at Akin.  (Am. Compl. ¶¶ 13, 25). On October 28, 2014, Plaintiff resigned from the Firm to become a partner at another firm.  (████ ████████ Am. Compl. at ¶¶ 28-29).

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

        ███████████████████████████████

    ███████████████████████████████████

    ███████████████████████████████████

    ██████████████████████████████████

On May 20, 2015,



On January 14, 2016, Plaintiff submitted a charge with the EEOC, alleging discrimination and retaliation claims under the ADA and Title VII (the "Charge"). (SUF. at ¶ 23; Am. Compl., Sec. IV, p. 29). On March 25, 2016, Plaintiff filed her Complaint in this action, alleging discrimination and retaliation in violation of the ADA, Title VII, the DCHRA, and EPA (the "Complaint"). (SUF at ¶ 24; Compl., ECF No. 1).

## III.  <u>ARGUMENT</u>

Defendant is entitled to summary judgment because ███████████████████ ███████████████. Summary judgment also is appropriate because Plaintiff's claims are untimely. Furthermore, Plaintiff's claims are subject to dismissal for failure to state a claim.

### A.      Standards for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [thus] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party.'" *Steele v. Schafer,* 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Although the court must view the facts in the light most favorable to the nonmoving party, *see Grosdidier v. Broad. Bd. of Governors, Chairman*, 709 F.3d 19, 23–24 (D.C. Cir. 2013), the nonmoving party must show more than "[t]he mere existence of a scintilla of evidence in support of" her position. *Anderson*, 477 U.S. at 249–50, 252 ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted). Moreover, the nonmoving party "may not rest upon mere allegation or denials of his pleading but must present affirmative evidence showing a genuine issue for trial." *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (internal quotations omitted). Summary judgment is "appropriate prior to discovery where the moving party can demonstrate that there is no disputed issue of material fact." *LanQuest Corp. v. McManus & Darden LLP*, 796 F. Supp. 2d 98, 100–01 (D.D.C. 2011); *see Highland Renovation Corp. v. Hanover Ins. Grp*., 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (holding that whether plaintiff's claim was time-barred was a "discrete legal issue[]" that the court may decide in a converted motion to dismiss "without providing notice or the opportunity for discovery to the parties") (internal citations omitted).

### B.    Standards for Rule 12(b)(6) Motion to Dismiss

A complaint must contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2). Although the court construes factual allegations in the plaintiff's favor, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,*

7

550 U.S. at 570). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555–56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Ashcroft*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555.

      **C.**     **Summary Judgment Is Warranted Because Plaintiff** ███████████

██████████████████████████████████████████████████

███████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

9

███████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████[7]

—————————————————

[7] ███████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████



**D.    Summary Judgment Is Appropriate On Plaintiff's ADA, Title VII, and DCHRA, and Tort Claims Because They Are Untimely**

The undisputed material facts show that Plaintiff's claims under the ADA, Title VII, and DCHRA are time-barred.[8]

*1.    Plaintiff's ADA and Title VII Claims Are Time-Barred*

Before filing a claim under the ADA and Title VII in court, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. *See, e.g., Marshall v. Fed. Exp. Corp.,* 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and

---

[8] The statute of limitations under the EPA bars all actions brought two years or more after the cause of action accrued or three years or more after the cause of action accrued in the case of a willful violation. 29 U.S.C. § 255(a). Because Plaintiff does not allege that Akin willfully violated the EPA, any claims before March 25, 2014 (i.e., two years prior to the March 25, 2016 filing of the Complaint) are time-barred. ███████████████████████████████ ██████████████████████████████████████████████

giving that agency a chance to act on it.") (citing 42 U.S.C. § 12117(a)). The deadline for filing EEOC charges in the District of Columbia under Title VII or the ADA is 300 days from the date of the alleged discrimination. 42 U.S.C. § 2000e–5(e)(1); *see Fowler v. District of Columbia,* 2021 U.S. Dist. LEXIS 175979, *18 (D.D.C. Sept. 16, 2021) (Title VII), 31 F. Supp. 3d 277, 294–95 (D.D.C. 2014) (Title VII); *Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 5 (D.D.C. 2012) (ADA); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (holding that discrete retaliatory acts "occur" when those acts take place, such that an aggrieved party "must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it").

Plaintiff's ADA and Title VII claims are untimely. Plaintiff filed her Charge with the EEOC on January 14, 2016. Therefore, any claims arising prior to March 20, 2015—300 days before January 14, 2016—are time-barred.

Plaintiff admits that she left Akin in October 2014 (SUF at ¶ 2; Am. Compl. ¶ 28-29), so claims based on events during her employment at Akin (such as her failure to be promoted to partner and alleged failure to accommodate her ankle injury) are untimely. ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████ 9 ██████████████

       ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

─────────────────────

9 ████████████████████████████████████████████

███████████████████████████

13

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ *See Major v. Plumbers Local Union No. 5 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipe-Fitting Indus. of U.S. & Canada, AFL-CIO*, 370 F. Supp. 2d 118, 130 (D.D.C. 2005) ("failure of Treadwell to allege specific timely incidents of discrimination forces this Court to dismiss his claims against Kirlin as untimely . . . .").

Accordingly, all of Plaintiff's claims under the ADA and Title VII fail as a matter of law. *See Dyson v. District of Columbia*, 808 F. Supp. 2d 84, 87–88 (D.D.C. 2011) (dismissing plaintiff's Title VII claims as untimely where she filed her EEOC charge 38 days after the filing deadline), *aff'd*, 710 F.3d 413 (D.C. Cir 2013); *see also Proctor v. District of Columbia*, 74 F. Supp. 3d 436, 456-57 (D.D.C. 2014) (Title VII claims were time-barred because plaintiff failed to exhaust her administrative remedies by not alleging facts in her EEOC charge that were related to that claim); *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 14 (D.D.C. 2008), *aff'd*, 417 F. App'x 4 (D.C. Cir. 2011) (dismissing retaliation and discrimination claims under Title VII where plaintiff failed to allege facts in her EEOC charge to support her claim).

2. ***Plaintiff's DCHRA Claims, Invasion of Privacy, Intentional Infliction of Emotion Distress,  and Tortious Interference Claims Are Barred By The Statute Of Limitations***

For the same reasons, Plaintiff's allegations under the DCHRA are also time-barred. A plaintiff must file her DCHRA claims within one year of the alleged discovery of the discrimination or retaliation. D.C. Code §§ 2-1403.04(a), 2-1403.16(a). As with her Title VII and ADA claims, Plaintiff has not pled and cannot establish a timely claim under the DCHRA because she has not identified any act of discrimination or retaliation that occurred after March 25, 2015—

14

a year before she filed her Complaint—nor can she. She cannot base a timely DCHRA claim on actions that occurred during her employment with Akin because that employment ended more than sixteen months before she filed the Complaint.  (SUF at ¶ 2; Am. Compl. ¶¶ 28-29).  And, as noted earlier, she has not alleged that Akin took any action after March 2015 that caused ███████████

████████████████████████.  Accordingly, all of Plaintiff's claims under the DCHRA are beyond the statute of limitations.

Her invasion of privacy claim is also subject to a one-year statute of limitations and, thus, is time-barred for the same reasons as her DCHRA claims.  *Greenpeace v. Dow,* 97 A.3d 1053, 1061-62 (D.C. 2014).

Her intentional infliction of emotional distress claim is a claim for emotional injury arising out of ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

For the same reason, the District of Columbia has held that tortious interference claims that arise from ████████████████████████████████████████

████████████████████████████████████████████

████████  Thus, her tortious interference claims are time-barred for the same reasons described above.

### E.   Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted

Plaintiff's Complaint also must be dismissed in its entirety because it fails to raise any plausible claims.

#### 1.   *Plaintiff Does Not State A Disability or Gender Discrimination Claim Under The ADA, Title VII, Or DCHRA*

For all the reasons stated above, Plaintiff's claims are time-barred to the extent they are based on conduct occurring before March 20 (Title VII claims) or 25 (state law claims), 2015 ████ ████████████████████████████████████████████████████████████████████. The only adverse actions that Plaintiff alleges after those times are: ████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ██████████████████████████████ As to these latter events, even if these conclusory allegations are accepted as true, Plaintiff has not alleged a plausible case that either are the result of discrimination.

To state a claim for discrimination under the ADA, a plaintiff must allege facts sufficient to show that she: (1) had a disability within the meaning of the statute, (2) was qualified for the position with or without a reasonable accommodation, and (3) suffered an adverse employment action because of her disability. *Hodges v. District of Columbia*, 959 F. Supp. 2d 148, 154 (D.D.C. 2013).

To establish a *prima facie* case of gender discrimination under Title VII or the DCHRA, a plaintiff must show that: "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Wiley v. Glassman,* 511 F.3d 151, 155 (D.C. Cir. 2007) (Title VII); *see also Beckwith,* 946 F. Supp. at 1050 (DCHRA).

To plead a claim for retaliation, Plaintiff must show, *inter alia*, that her protected activity was a "but-for" cause of the alleged adverse action by the employer. *Univ. of Texas Southwestern Med. Centr. V. Nassar,* 570 U.S. 338, 362-63 (2013).

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

### 2.     *Plaintiff Fails To State An EPA Claim*

Plaintiff's allegations do not create a plausible EPA claim because she fails to allege any of the required elements of an EPA claim. "To establish a violation of the Equal Pay Act, [a plaintiff] must allege that (1) she was doing substantially equal work on the job, the performance of which required substantially equal skill, effort, and responsibility as the jobs held by members of the opposite sex; (2) the job was performed under similar working conditions; and (3) she was paid at a lower wage than those members of the opposite sex." *Cornish v. District of Columbia*, 67 F. Supp. 3d 345, 360 (D.D.C. 2014).

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

If the EPA claim is not subject to summary judgment, it is certainly subject to a motion to dismiss.  Plaintiff's claim rests on two essential allegations:  (1) that she was paid less that male partners (Am. Compl. ¶ 89); and (2) she was paid less than one senior counsel who she claims was inferior to her in terms of on-the-job skill, effort, and responsibility (Am. Compl. ¶¶ 87-88). Neither makes out a plausible case for EPA violations.

The first claim can be disregarded because Plaintiff does not and cannot allege that she was doing substantially equal work as a partner.  *See Shamey v. Adm'r, Gen. Servs. Admin*., 732 F. Supp. 122, 135 (D.D.C. 1990), *aff'd*, 925 F.2d 490 (D.C. Cir. 1991) (dismissing EPA claim for failing to "allege that males who performed equivalent work were paid more, were the same grade

as she, and performed work of 'equal skill, effort, and responsibility' . . . .").  She does not allege that she had the same level of experience, client connections, business generation, and responsibility as Akin's partners, nor had she accepted the same level of business risk.  It is simply a fact at every successful law firm that the partners earn more than the associates and counsel, even high performing ones.  Tellingly, she alleges nothing about how her compensation compared with other members of her class—presumably because she was right in line.

Indeed, her Amended Complaint concedes that the difference in compensation was not the result of her gender.  While she alleges that she was paid less than all full-time male partners (Am. Compl. ¶ 89), she then follows with the allegation that she was also paid less "than all full time partners," meaning that she admits that she was also paid less than all of Akin's full-time *female* partners.  (Am. Compl. ¶ 90).  Thus, by her own admission, the difference in pay was not the result of her gender but, instead, the result of her position.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

Accordingly, her EPA claim should be dismissed.

### 3.   *Plaintiff States No Claim for Intentional Infliction of Emotional Distress*

To state a prima facie case of intentional infliction of emotional distress ("IIED"), Plaintiff must allege:  (1) extreme and outrageous conduct on the part of Defendant, which (2) intentionally or recklessly (3) causes the Plaintiff severe emotional distress.  *Williams v. District of Columbia,* 9 A.3d 484, 493-94 (D.C. 2010).  Extreme and outrageous conduct is actions "that go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized

community." *Id.* at 494.  This tort "has proof requirements as severe as any in our law." *Larjiani v. Georgetown Univ.,* 791 A.2d 41, 46 (D.C. 2002).

Plaintiff's IIED claim is based primarily on alleged "adverse employment actions."  (Am. Compl. ¶¶ 119-121, 123-124, 130).  However, the District of Columbia recognizes that "generally, employer-employee conflicts do not rise to the level of outrageous conduct." *Williams v. District of Columbia,* 9 A.3d at 494.  Failing to promote Plaintiff, which had merely had the effect of causing her to become a partner at another prestigious firm, hardly constitutes an action that "goes beyond all possible bounds of decency." *Smith v. Union Labor Life Ins.,* 620 A.2d 265, 270 (D.C. Cir. 1993) (employee dismissal without procedures does not meet the standard for IIED).  Indeed, where, as here, the emotional distress is allegedly the product of alleged discrimination and retaliation, the "dismissal of the intentional tort claim is warranted because the conduct and injury complained of are subsumed by Title VII." *Jackson v. Am. Chem. Soc.,* 812 F. Supp. 239, 243 (D.D.C. 1993).

Accordingly, her IIED claims must be dismissed.

**4.      *Plaintiff States No Claim for Invasion of Privacy***

Plaintiff alleges that Akin invaded her privacy by ██████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████. Plaintiff's allegations do not state a claim.

To state a claim, Plaintiff must allege: (1) publicity; (2) absent any waiver of privilege; (3) given to private facts; (4) in which the public has no legitimate concern; and (5) which would be highly offensive to a reasonable person of ordinary sensibilities. *Doe v. Bernabei & Wachtel, PLLC,* 116 A.3d 1262, 1267 (2015).

As to her non-promotion, that information is hardly private.  It is clear who has been elevated to partner at every firm because such individuals are identified as partner on the firm's web sites, on their business cards, and in how they introduce themselves to clients.  There is nothing private about who has that title and who does not.

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███

████████████████████████████████████

████████████████████

### 5.    *Plaintiff States No Claim for Tortious Interference*

Plaintiff alleges that Akin tortiously interfered with her job opportunities at Duane Morris, Polsinelli, and NRG Energy by ████████████████████.  (Am. Compl. ¶ 173, 178-179, 183).

As to ████████████████, Plaintiff alleges that Akin interfered with her contractual relationship with both firms.  (Am. Compl. ¶ 169-171, 173-74, 175-77, 178).  To state a claim for interference with contract, Plaintiff must allege: (1) the existence of a contract; (2) defendant's knowledge of the contract; (3) defendant's intentional procurement of the contract's breach; and (4) damages resulting from the breach.  *Naegele v. Albers*, 110 F. Supp.3d 126, 155 (D.D.C. 2015).  ███████████████████████████████████

22

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████

████████████████████████████████

███████████████████████████████████████████

████████████████████. To state a claim for tortious interference, Plaintiff must plead: (1) the existence of a valid business relationship or expectancy; (2) the defendant's knowledge of the relationship or expectancy; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damages. *Robertson v. Cartinhour,* 867 F. Supp. 2d 37, 57 (D.D.C. 2012).  A valid business expectancy requires a *probability* of future contractual or economic relationship and not a mere *possibility*."  *Id.* at 58.

Plaintiff's claim on this theory suffers from four fatal defects.  ██████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

23

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

      Fourth, to establish intentional interference, Plaintiff must allege egregious conduct, such as libel, slander, fraud, misrepresentation, or physical coercion. *Wash. Metro Area Trans. Auth. v. Quik Serve Foods, Inc.,* 2006 U.S. Dist. LEXIS 24510, *17-18 (D.D.C. 2006); *Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.*, 383 F. Supp.2d 32, 45 (D.D.C. 2005).  Here, Plaintiff makes only the vague allegation that NRG did not extend a job offer because ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████  Accordingly, this claim should be dismissed.

## IV.   <u>CONCLUSION</u>

      For the reasons set forth above, the Firm requests the Court grant its summary judgment on all claims, or, in the alternative, dismiss the entire Complaint with prejudice.

Dated: May 6, 2024

Respectfully submitted,

*/s/ Robert H. Pees*
Robert H. Pees *(admitted pro hac vice)*
Akin Gump Strauss Hauer & Feld, LLP
One Bryant Park
New York, NY  10036-6745
Telephone: (212) 872-1072
Email: rpees@akingump.com

Robert G. Lian, Jr.  (DC Bar No. 446313)
Akin Gump Strauss Hauer & Feld, LLP
2001 K Street, N.W.
Washington, DC 20006-1037
Telephone: (202) 887-4000
Email: blian@akingump.com

*Counsel for Akin Gump Strauss Hauer & Feld, LLP*